**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Gustavo GARCIA a/k/a "Popeye",**
**Defendant-Appellant.**

**No. 83–5395**
**Non-Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

March 19, 1984.

Charles G. White, Asst. Federal Public Defender, Miami, Fla., for defendant-appellant.

Stanley Marcus, U.S. Atty., Chris Mancini, Linda Collins-Hertz, Asst. U.S. Attys., Miami, Fla., for plaintiff-appellee.

Before GODBOLD, Chief Judge, RONEY and TJOFLAT, Circuit Judges.

PER CURIAM:

■ Gustavo Garcia was convicted in a jury trial of receiving ammunition after having been convicted of a felony. 18 U.S.C. Sec. 922(h)(1) (1976). To the underlying felony charge of grand theft in Florida, Garcia had pleaded nolo contendere, adjudication was withheld, and he was given probation, which he successfully served. Section 948.01, Fla.Stat. The district court, after a hearing in camera, held that this plea was voluntary for the purpose of admitting evidence of that Florida proceeding to prove the necessary prior felony conviction. Nothing is presented to us indicating that that finding was clearly erroneous.

■ Garcia's contention that a state procedure for withholding adjudication of a criminal charge will not support a conviction under 18 U.S.C. Sec. 922(h)(1) (1976) of receiving ammunition after having been convicted of a felony is foreclosed by *Dickerson v. New Banner Institute, Inc.*, —— U.S. ——, 103 S.Ct. 986, 74 L.Ed.2d 845 (1983). There is no problem of *Dickerson* being applied retroactively to Garcia. The prevailing law in the former Fifth Circuit prior to *Dickerson* was that state statutes that withheld finality do not prevent conviction within the meaning of Sec. 922. *U.S. v. Lehmann*, 613 F.2d 130 (5th Cir. 1980); *U.S. v. Padia*, 584 F.2d 85 (5th Cir. 1978).

AFFIRMED.