**UNITED STATES of America, Plaintiff-Appellee,**

**v.**

**Emilio BRUSCANTINI, Defendant-Appellant.**

**No. 84–5780**

**Non-Argument Calendar.**

United States Court of Appeals, Eleventh Circuit.

May 28, 1985.

---

Paul Morris, Miami, Fla., for defendant-appellant.

Stanley Marcus, U.S. Atty., Linda Collins-Hertz, Roy B. Kahn, Sonia E. O'Donnel, Asst. U.S. Attys., Miami, Fla., for plaintiff-appellee.

Before GODBOLD, Chief Judge, KRAVITCH and HATCHETT, Circuit Judges.

GODBOLD, Chief Judge:

This is an appeal from a denial of a motion to dismiss the indictment. We affirm.

In 1974 appellant Bruscantini entered a plea of *nolo contendere* to a Florida burglary charge. The state judge withheld adjudication of guilt and placed him on probation. Appellant was told that the disposition of his case did not constitute a conviction. He successfully completed his probationary term.

In 1982 Bruscantini obtained two firearms. He was subsequently charged with violating 18 U.S.C. § 922(b) (1982), which prohibits convicted felons from receiving firearms that have been shipped in interstate commerce. He was also charged for making false statements to the vendor of the firearms in violation of 18 U.S.C. § 924(a) (1982). This second charge was dropped. Bruscantini entered a conditional plea of guilty to the first charge, reserving the right to appeal the court's denial of his motion to dismiss the indictment. He received a $1,000 fine and was sentenced to five years probation.

Appellant claims that he was not a convicted felon at the time of his arrest for receiving firearms because he had pleaded *nolo contendere* to the state burglary charge and because the state judge had withheld adjudication. We rejected this argument in *U.S. v. Garcia*, 727 F.2d 1028 (11th Cir.1984) (relying upon *Dickerson v. New Banner Institute, Inc.*, 460 U.S. 103, 103 S.Ct. 986, 74 L.Ed.2d 845 (1983)). Appellant's second contention, that *Dickerson* cannot be applied retroactively, was also rejected. *See U.S. v. Garcia, supra.*

Appellant's final contention is that he cannot be convicted for violating § 922 because the state judge who accepted his *nolo* plea, as well as the state prosecutor, told him that he was not a convicted felon. Therefore, he argues, because he reasonably relied upon the interpretation of law provided by authoritative state officials, he cannot now be convicted for violating a statute that prohibits convicted felons from possessing firearms. Appellant's estoppel argument was held to establish a valid defense in *Cox v. Louisiana*, 379 U.S. 559, 85 S.Ct. 476, 13 L.Ed.2d 487 (1965), and *Raley v. Ohio*, 360 U.S. 423, 79 S.Ct. 1257, 3 L.Ed.2d 1344 (1959).

The facts of this case do not warrant application of the rule of *Cox* and *Raley*. Here, while state officials provided the interpretation upon which appellant relied, federal officials indicted and convicted him for a violation of federal law. On the other hand, in both Supreme Court decisions, state officials had interpreted state law and subsequently convicted the defendants under that law. This distinction is important here, particularly where the analysis of the federal law, § 922, does not depend on state practice, *see Dickerson v. New Banner Institute, Inc., supra*, and where knowledge

of one's status as a convicted felon is not an element of the offense of receiving firearms. *See U.S. v. Goodie*, 524 F.2d 515 (5th Cir.1975), *cert. denied*, 425 U.S. 905, 96 S.Ct. 1497, 47 L.Ed.2d 755 (1976).

The rule of *Cox* and *Raley* is a narrow exception to the general principle that ignorance of the law is no defense. It was prompted by the Court's observation that permitting the government to prosecute individuals who reasonably rely upon that government's interpretation of the law would constitute a kind of entrapment. Where, however, the government that advises and the government that prosecutes are not the same, the entrapment problem is different. Moreover, if one benefit of the estoppel defense is that it encourages government officials to better know and articulate the law, that benefit is not present where application of the defense would penalize the wrong government—the government that prosecuted appellant rather than the government that mistakenly and misleadingly interpreted the law. Appellant, therefore, is not insulated from prosecution.

AFFIRMED.