**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Eddie L. JONES, Defendant–Appellant.**

**No. 89–4065**

**Non–Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

Sept. 5, 1990.

dressed a similar issue in a non-guidelines context. This Court has previously held that a state case in which adjudication was withheld after a *nolo* plea qualified as a "conviction" for purposes of a federal prosecution under 18 U.S.C.A. § 922 *et seq.* for possession of a firearm by a convicted felon. *See, e.g., United States v. Bruscantini,* 761 F.2d 640, 641 (11th Cir.1985); *United States v. Garcia,* 727 F.2d 1028, 1029 (11th Cir.1984); *see also United States v. Grinkiewicz,* 873 F.2d 253, 255 (11th Cir. 1989) (adjudication withheld after guilty plea). The reasoning applied in these cases is applicable in this case.

Therefore, we hold that Jones's prior offense was a conviction for the purposes of Section 4B1.1 and AFFIRM his sentence.

David L. Sellers, Pensacola, Fla., for defendant-appellant.

Randall Hensel, Asst. U.S. Atty., Pensacola, Fla., for plaintiff-appellee.

Before FAY, JOHNSON and BIRCH, Circuit Judges.

PER CURIAM:

The only issue presented on this appeal is whether a prior state court case wherein the defendant enters a *nolo* plea and adjudication is withheld can be used as a "conviction" to make the defendant eligible for career offender status under Section 4B1.1 of the Sentencing Guidelines. The appellant, Eddie L. Jones, argues that one of his prior state offenses could not be used as a predicate offense under United States Sentencing Guidelines Section 4B1.1 because adjudication was withheld, he was placed on probation in that case, and the district court therefore incorrectly sentenced him as a career offender. While this Court has not previously addressed the specific sentence guideline issue presented in this case, we have on several previous occasions ad-