**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Lewis Aaron ROCKMAN,
Defendant–Appellant.**

No. 92–4045.

United States Court of Appeals,
Eleventh Circuit.

June 21, 1993.

Robin J. Farnsworth, Asst. Federal Public Defender, Ft. Lauderdale, FL, for defendant-appellant.

Jeffrey H. Sloman, Asst. U.S. Atty., Linda Collins Hertz, Anne M. Hayes, Miami, FL, for plaintiff-appellee.

Before HATCHETT and BLACK, Circuit Judges, and DYER, Senior Circuit Judge.

HATCHETT, Circuit Judge:

In this Sentencing Guidelines case, we hold that where a court withholds adjudication of guilt after a *nolo contendere* plea, the plea does not constitute a "prior sentence" under section 4A1.2(a)(1) of the Sentencing Guidelines; we also hold, however, that such a

prior offense is a "diversionary disposition" under section 4A1.2(f) of the Sentencing Guidelines and is counted as a prior sentence in computing the criminal history category.

## BACKGROUND

On July 16, 1991, a grand jury charged appellant, Lewis Aaron Rockman, with bank robbery, in violation of 18 U.S.C. § 2113(a) (Count I), and with carrying a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c) (Count II). After Rockman pleaded guilty to both counts, the district court sentenced him to consecutive prison terms of seventy months on Count I and sixty months on Count II, to be followed with two years of supervised release.

At the sentencing hearing on January 3, 1992, Rockman objected to the addition of one point to his criminal history category under section 4A1.1(c), for his prior state court worthless check prosecution ("prior offense"). On the worthless check charge, Rockman pleaded *nolo contendere,* and the state court withheld adjudication of guilt. The district court overruled Rockman's objection and considered the prior offense, based on this court's decision in *United States v. Jones,* 910 F.2d 760 (11th Cir.1990).

Rockman contends that absent the additional point for the prior offense under section 4A1.1(c), his criminal history category would have been category V, with a sentencing range of sixty-three to seventy-eight months, rather than a category VI, with a sentencing range of seventy to eighty-seven months. Count II required a five-year mandatory consecutive sentence to any sentence imposed under Count I.

Rockman also contends that the district court incorrectly determined his criminal history category under section 4A1.1. He argues that *Jones* is inapplicable and that the prior offense is not a "prior sentence" under section 4A1.2(a)(1); therefore, it is not properly counted under section 4A1.1(c). The government acknowledges that *Jones* is not on point, but argues that section 4A1.2(f), which addresses "diversionary dispositions," requires the counting of the prior offense under section 4A1.1(c).

## ISSUE

The issue presented is whether in calculating a defendant's criminal history category, the sentencing court should count a prior offense in which the defendant pleaded *nolo contendere* and the state court withheld adjudication of guilt.

## STANDARD OF REVIEW

The question whether a "particular guideline applies to a given set of facts is a question of law ... and thus this issue is subject to de novo review." *United States v. Shriver,* 967 F.2d 572 (11th Cir.1992).

## DISCUSSION

The district court determined that this circuit's decision in *United States v. Jones,* 910 F.2d at 760, controls the issue. In *Jones,* this court relied on *United States v. Garcia,* 727 F.2d 1028 (11th Cir.1984) and similar authority for its holding that a prior offense in which the sentencing court withheld adjudication of guilt after a *nolo contendere* plea is a "conviction" under section 4B1.1 of the Sentencing Guidelines. At the time this court ruled in *Jones,* the guidelines did not define "conviction" for purposes of 4B1.1. *Jones,* 910 F.2d at 761. In *Garcia,* this court addressed the question whether a prior offense in which a defendant pleaded *nolo contendere* and the sentencing court withheld adjudication of guilt constitutes a "conviction" under 18 U.S.C. § 922(h)(1) (1976). When this court ruled in *Garcia,* section 922 did not define "conviction"; and therefore, this court applied the Supreme Court's interpretation of the term in *Dickerson v. New Banner Institute, Inc.,* 460 U.S. 103, 112 n. 6, 103 S.Ct. 986, 991 n. 6, 74 L.Ed.2d 845, 854 n. 6 (1983).

This case is distinguishable from *Jones* because unlike the term "conviction" in *Jones,* the guidelines define the term "prior sentence" under section 4A1.2(a). Thus, *Jones* is not controlling, and we must determine whether the prior offense at issue in this case is a "prior sentence" as defined

under the Sentencing Guidelines.[1]

The criminal history category, together with the offense level, determine the appropriate Sentencing Guideline range for a defendant. Section 4A1.1 provides the formula for calculating the criminal history category.[2] Section 4A1.1(c) directs the district court, in calculating the criminal history category, to add one point "for each prior sentence not included in (a) or (b)...." Its application note directs the district court to section 4A1.2(a) for the definition of "prior sentence" under section 4A1.1(c). U.S.S.G. § 4A1.1 comment n. 3.

### Interpretation of "Prior Sentence"

■ "[T]he interpretation of the United States Sentencing Guidelines is similar to statutory interpretation...." *United States v. Worthy,* 915 F.2d 1514, 1516 (11th Cir. 1990). In determining the scope of a provision, we "look first to its language." *United States v. Turkette,* 452 U.S. 576, 580, 101 S.Ct. 2524, 2527, 69 L.Ed.2d 246, 252 (1981). "[T]hat language must ordinarily be regarded as conclusive.... Unless the statutory language is ambiguous or would lead to absurd results, the plain meaning of the statute must control.... '[W]hen we find the terms of a statute unambiguous, judicial inquiry is complete.'" *United States ex rel. Williams v. NEC Corp.,* 931 F.2d 1493, 1498 (11th Cir.1991) (quoting *Burlington N.R.R. v. Oklahoma Tax Comm'n,* 481 U.S. 454, 107 S.Ct. 1855, 95 L.Ed.2d 404 (1987)). Rockman argues that the text of section 4A1.2(a)(1) is unambiguous.

1. The Sentencing Guidelines define "prior sentence" as follows:
    (a) *Prior Sentence Defined*
    (1) The term 'prior sentence' means any sentence previously imposed upon adjudication of guilt, whether by guilty plea, trial, or plea of *nolo contendere,* for conduct not part of the instant offense.
    U.S.S.G. § 4A1.2(a)(1).

2. Section 4A1.1 reads, in part:
    *Criminal History Category*
    The total points from items (a) through (e) determine the criminal history category in the Sentencing Table in Chapter Five, Part A.
    (a) Add 3 points for each prior sentence of imprisonment exceeding one year and one month.

Section 4A1.2(a)(1) defines the term "prior sentence" as "any sentence previously imposed upon adjudication of guilt, whether by guilty plea, trial, or plea of *nolo contendere,* for conduct not part of the instant offense." U.S.S.G. § 4A1.2(a)(1). The controlling language is: "'prior sentence' means any sentence previously imposed upon adjudication of guilt...." *See United States v. Walker,* 912 F.2d 1365, 1366 (11th Cir.1990), *cert. denied,* 498 U.S. 1103, 111 S.Ct. 1004, 112 L.Ed.2d 1087 (1991). What follows this language are the means for reaching an "adjudication of guilt": "whether by guilty plea, trial, or plea of *nolo contendere*...." U.S.S.G. § 4A1.2(a)(1). Because the language is unambiguous and clear on its face, and the plain meaning does not lead to absurd results, our inquiry is complete. *NEC Corp.,* 931 F.2d at 1498. Under section 4A1.2(a)(1), "prior sentence" means a sentence imposed upon "adjudication of guilt." Sentences imposed wherein adjudication of guilt is withheld do not fall under the definition of section 4A1.2(a)(1).

Regarding the prior offense at issue in this case, the state court withheld adjudication of guilt. Therefore, Rockman's prior offense is not a "prior sentence" under section 4A1.2(a)(1).

### Applicability of Section 4A1.2(f)

■ The government argues that the district court properly computed Rockman's criminal history category because section 4A1.2(f) directs the district court to count the prior offense as a sentence under section 4A1.1(c).[3] A portion of section 4A1.2(f) pro-

    (b) Add 2 points for each prior sentence of imprisonment of at least sixty days not counted in (a).
    (c) Add 1 point for each prior sentence not included in (a) or (b), up to a total of 4 points for this item.

3. Section 4A1.2(f) reads as follows:
    (f) *Diversionary Dispositions*
    Diversion from the judicial process without a finding of guilt (e.g. deferred prosecution) is not counted. A diversionary disposition resulting from a finding or admission of guilt, or a plea of *nolo contendere,* in a judicial proceeding is counted as a sentence under § 4A1.1(c) even if a conviction is not formally entered, except that diversion from juvenile court is not counted.
    U.S.S.G. § 4A1.2(f).

**814**

vides that "[a] diversionary disposition resulting from a finding or admission of guilt, or a plea of *nolo contendere*, in a judicial proceeding is counted as a sentence under § 4A1.1(c) even if a conviction is not formally entered...." Rockman pleaded *nolo contendere* to the prior offense and the state court withheld adjudication of guilt. Accordingly, the prior offense is a diversionary disposition and properly calculated into Rockman's criminal history category under section 4A1.1(c). *United States v. Frank*, 932 F.2d 700 (8th Cir.1991) (stay of adjudication with probation after guilty plea is a diversionary disposition under section 4A1.2(f)); *See also United States v. Giraldo–Lara*, 919 F.2d 19 (5th Cir.1990) (application of section 4A1.2(f)). The guidelines express the policy in counting such prior state prosecutions: "This [counting of the prior offense] reflects a policy that defendants who receive the benefit of a rehabilitative sentence and continue to commit crimes should not be treated with further leniency." U.S.S.G. § 4A1.2(f) comment n. 9.

## CONCLUSION

We hold that Rockman's prior offense is not a "prior sentence" under section 4A1.2(a)(1). But, because the prior offense is a "diversionary disposition" under section 4A1.2(f), the district court properly calculated Rockman's criminal history category. The district court is affirmed.

AFFIRMED.