10 F.3d 809
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Mickie Lewis PATTERSON, Defendant-Appellant.
 No. 92-10476.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 2, 1993.*
Decided Nov. 15, 1993.
 
 Before: WRIGHT, GOODWIN and HUG, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Mickie Lewis Patterson pleaded guilty to conspiracy to manufacture and possess with intent to distribute methamphetamine in violation of 21 U.S.C. Secs. 846 and 841(a)(1). At sentencing, he objected to the presentence report and the calculation of his criminal history and sentencing guideline score. The district court overruled all of his objections and Patterson appeals. We affirm the judgment and sentence and grant counsel's motion to withdraw.
 
 1. Base Offense Level
 
 3
 The district court properly computed Patterson's base offense level. For violations of 21 U.S.C. 841(a)(1), the base offense level is determined by the amount of drugs manufactured. U.S.S.G. Sec. 2D1.1, comment. (n. 10) (1991). That amount is based on "all acts and omissions that were part of the same course of conduct or common scheme or plan as the offense of conviction." U.S.S.G. Sec. 1B1.3(a)(2); United States v. Sanchez, 967 F.2d 1383, 1384-1385 (9th Cir.1992) (Sec. 1B1.3(a)(2) applies when the government proves "by a preponderance of the evidence that the defendant ... personally participated in the acts and omissions"). Patterson admitted manufacturing 25 pounds of methamphetamine. The district court properly considered this amount rather than the amount seized during his arrest. Sanchez, 967 F.2d at 1385.
 
 2. Diversionary Sentence
 
 4
 The district court did not err by including a diversionary sentence in Patterson's criminal history. In 1984, he pleaded guilty to possession of an open alcohol container in a vehicle and possession of less than one ounce of marijuana. He was referred to a drug diversion program. A diversionary disposition "resulting from ... admission of guilt ... in a judicial proceeding is counted as a sentence under Sec. 4A1.1(c) even if a conviction is not formally entered." U.S.S.G. Sec. 4A1.2(f); see also United States v. Rockman, 993 F.2d 811, 813-14 (11th Cir.1993).
 
 3. Commission of Offense While on Probation
 
 5
 Patterson was on three years unsupervised probation for driving on a suspended license when he committed the offense of conviction. He argues that his probationary status should not result in additional criminal history points, because it was for a minor offense. Two points may be added to the criminal history score if "the defendant committed the instant offense while under any criminal justice sentence, including probation...." U.S.S.G. Sec. 4A1.1(d) (emphasis added). The term "criminal justice sentence" includes unsupervised probation. U.S.S.G. Sec. 4A1.1, comment. (n. 4). It also includes driving with a suspended license if the term of probation was greater than one year. U.S.S.G. Sec. 4A1.2(c)(1); see also United States v. McCrudden, 894 F.2d 338, 339 (9th Cir.) (per curiam) cert. denied, 494 U.S. 1060 (1990).
 
 4. Refusal to Depart Downward
 
 6
 Patterson argues that the district court should have departed downward, because his misdemeanor sentences overstated his criminal history category. A district court's discretionary refusal to depart downward is not reviewable. United States v. Belden, 957 F.2d 671, 676 (9th Cir.), cert. denied, 113 S.Ct. 234 (1992). We review de novo "a district court's legal determination that the Guidelines prevent departure if the court indicates it would otherwise have departed." Belden, 957 F.2d at 676.
 
 
 7
 Nothing in the record suggests that the district court believed it lacked the power to depart. Because the court exercised its discretion, its refusal to depart downward is not reviewable.
 
 
 8
 AFFIRMED AND MOTION GRANTED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3