26 F.3d 127
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
UNITED STATES OF AMERICA, Appellee,
v.
David GOLDBERG, Appellant.
 No. 93-4141.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: May 10, 1994.
Filed: June 3, 1994.
 
 Before McMILLIAN, MAGILL, and BEAM, Circuit Judges.
 PER CURIAM.
 
 
 1
 David Goldberg appeals his 12-month sentence imposed by the district court[1] after he pleaded guilty to bank fraud. We affirm.
 
 
 2
 Goldberg, executive vice-president and general manager of Tip Top Corporation, was indicted in December 1992 for defrauding a bank and a credit line company in 1987 and 1988, in violation of 18 U.S.C. Sec. 1344. Goldberg pleaded guilty in July 1993.
 
 
 3
 The presentence report (PSR) indicated a criminal history category of II based on two criminal history points. Goldberg received one point for a June 1993 worthless-check disposition; he had been arrested in March 1993, but the PSR does not reflect when the offense conduct occurred. He pleaded nolo contendere, received one year probation, and was ordered to make restitution. Although adjudication was withheld, there was a finding of guilt. Goldberg received an additional point for an August 1993 misdemeanor assault disposition (involving September 1992 conduct and an April 1993 arrest); he was found guilty in a non-jury trial, adjudication was withheld, and he was ordered to pay a fine. Goldberg filed objections to the PSR, arguing, inter alia, that these "adjudication withheld" dispositions did not constitute "convictions" under Florida law.
 
 
 4
 At sentencing in October 1993, Goldberg argued that his "adjudications withheld" offenses were committed subsequent to his commission of the instant offense, and should not be counted in his criminal history category. Goldberg also asked the court to depart downward on the basis that his criminal history category overstated the seriousness of his criminal history. The court adopted the PSR's calculation of Goldberg's criminal history and determined there was no basis for departure in this case. The court imposed a sentence of 12 months imprisonment, three years supervised release, and $111,319.50 in restitution.
 
 
 5
 On appeal, Goldberg argues the district court erred when it considered his diversionary dispositions as prior convictions in calculating his criminal history category. "A diversionary disposition resulting from a finding or admission of guilt, or a plea of nolo contendere, in a judicial proceeding is counted as a sentence under Sec. 4A1.1(c) even if a conviction is not formally entered." U.S.S.G. Sec. 4A1.2(f); see also United States v. Rockman, 993 F.2d 811, 812-14 (11th Cir. 1993), cert. denied, 114 S. Ct. 900 (1994). "This reflects a policy that defendants who receive the benefit of a rehabilitative sentence and continue to commit crimes should not be treated with further leniency." Section 4A1.2, comment. (n.9).
 
 
 6
 Goldberg argues that this policy does not cover his situation because (1) he did not commit new crimes after receiving the diversionary dispositions, and (2) counting those dispositions would deprive him altogether of the benefits of rehabilitative sentencing. Goldberg did benefit, however, from his diversionary dispositions in that he was penalized to a lesser extent than he could have been and he was not incarcerated for the offenses themselves. Moreover, he received an acceptance-of-responsibility reduction in this case despite his commission of other crimes subsequent to commission of the instant offense. In addition, the Guidelines also provide that "[a] sentence imposed after the defendant's commencement of the instant offense, but prior to sentencing on the instant offense, is a prior sentence if it was for conduct other than conduct that was part of the instant offense." Section 4A1.2, comment. (n.1). Thus, we conclude the district court did not err in counting the diversionary dispositions in Goldberg's criminal history score.
 
 
 7
 Goldberg also argues that the court should have granted his departure motion, but a district court's discretionary refusal to depart is nonreviewable. United States v. Hall, 7 F.3d 1394, 1396 (8th Cir. 1993).
 
 
 8
 Accordingly, the judgment is affirmed.
 
 
 9
 McMILLIAN, Circuit Judge, concurring in the result only.
 
 
 
 [1]
 The Honorable Richard G. Kopf, United States District Judge for the District of Nebraska