Filed:  July 26, 1996

UNITED STATES COURT OF APPEALS

FOR THE FOURTH CIRCUIT

_____

No. 94-5945
(CR-94-16)
_____

United States of America,

                              Plaintiff - Appellee,

        versus

Walter William Pearrell,

                              Defendant - Appellant.


_____

O R D E R
_____


        The Court amends its opinion filed January 9, 1996, as
follows:

        On page 3, footnote 3, line 7 -- the case number for <u>United
States v. Light</u> is corrected to read "No. 94-59<u>54</u>."

                              For the Court - By Direction


                              /s/ Bert M. Montague
                              _____
                              Clerk

UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                    No. 94-5945

WALTER WILLIAM PEARRELL,
Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of West Virginia, at Elkins.
Irene M. Keeley, District Judge.
(CR-94-16)

Argued: November 3, 1995

Decided: January 9, 1996

Before MURNAGHAN, NIEMEYER, and HAMILTON,
Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Joseph Jeffrey Harris, Morgantown, West Virginia, for
Appellant. Paul Thomas Camilletti, Assistant United States Attorney,
Wheeling, West Virginia, for Appellee. **ON BRIEF:** William D. Wil-
moth, United States Attorney, Wheeling, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

The appellant, Walter William Pearrell, conditionally pled guilty to selling drug paraphernalia in violation of 21 U.S.C. § 863(a)(1), reserving the right to appeal the district court's adverse ruling regarding the defenses he sought to raise. He has challenged the court's pretrial decision precluding him from presenting either a good faith defense or an entrapment by estoppel defense at trial.

I.

Pearrell was a clerk at Ed Light's Store in Martinsburg, West Virginia. On January 12, 1994, U.S. Customs agents discovered a large quantity of assorted drug paraphernalia while executing a search warrant at the store.[1] Thereafter, Pearrell was indicted, along with store owner Ed Light, for selling drug paraphernalia.[2]

At a pretrial conference on September 21, 1994, Light argued that his "long-time association with various law enforcement agencies" raised an entrapment by estoppel defense and an innocent intent defense (or public authority defense). The district judge held that nei-

_____

[1] The agents seized crack pipes, marijuana pipes made out of various materials, water pipes, scales, bongs, roach clips, screens, and drug diluents, as well as books and records, and T-shirts and burlap bags which promoted the use of marijuana.

[2] The original indictment returned on February 8, 1994, charged both defendants with aiding and abetting each other in the sale of drug paraphernalia in violation of 21 U.S.C. § 863(a)(1) and 18 U.S.C. § 2. Following the U.S. Supreme Court's decision in Posters 'N' Things, Ltd. v. United States, 114 S. Ct. 1747, reh'g denied, 114 S. Ct. 2771 (1994), the government sought and the grand jury returned a superseding indictment charging the same offenses and adding the additional element of "knowingly."

ther defense was available to Light because he was unable to show involvement with federal authorities.**3** Pearrell's attorney indicated that he also intended to present an innocent intent, or good faith, defense by arguing "that in good faith, [Pearrell] believed what he was doing was not against the law or it didn't violate any laws he was aware of." Relying on the U.S. Supreme Court's decision in Posters 'N' Things, Ltd. v. United States, 114 S. Ct. 1747, reh'g denied, 114 S. Ct. 2771 (1994), the district court rejected the defense as irrelevant in light of the federal statute's objective knowledge requirement. Quoting the opinion, the court determined that the government must establish "that the defendant knew that the items at issue are likely to be used with illegal drugs," but not that he had "specific knowledge that the items are drug paraphernalia within the meaning of the statute." In addition, the court found that evidence of reliance upon authorization or advice that the conduct was legal also would be irrelevant under the standard of proof as outlined in Posters 'N' Things.

On September 27, 1994, Pearrell entered into a conditional plea agreement with the government, preserving his right to appeal the district court's ruling regarding the defenses available at trial. The parties stipulated that the district court had ruled at the pretrial conference that the defenses of innocent intent, entrapment by estoppel and public authority, and "`good faith' and mistake of law/fact" are "not available" to Pearrell, and that he "would not be permitted to testify regarding . . . cooperation with local, state and federal law enforcement officials regarding the sale of drug paraphernalia as proffered to the Court. . . ." The district judge accepted Pearrell's plea and sentenced him to a $50 fine and one year of probation.

In his appeal, Pearrell has contended that the district court erred in ruling that as a matter of law he could present neither a good faith

_____

**3** The judge reasoned that since Light was charged with violating a federal statute, his estoppel argument was irrelevant if based on his involvement with city or state officials. Several times during the conference, the judge invited a proffer regarding the actions or statements of federal agents, but Light never offered such evidence. A three-judge panel of the Fourth Circuit affirmed the lower court's decision by unpublished opinion. See United States v. Light, No. 94-5954 (4th Cir. Aug. 28, 1995) (per curiam).

3

defense nor an entrapment by estoppel defense. The prosecution has responded that both defenses are narrow, requiring the defendant to provide evidence that he was acting in reasonable reliance upon the advice of a federal official that the activity was lawful, and that Pearrell failed to make a proffer sufficient to sustain either defense.

We review the district court's pretrial ruling excluding the defenses de novo. United States v. Osborne, 935 F.2d 32, 35 (4th Cir. 1991). In general, a district court may not refuse to give a theory of defense instruction if the instruction has an evidentiary foundation and is an accurate statement of the law. United States v. Schmidt, 935 F.2d 1440, 1449 (4th Cir. 1991).

II.

The defenses of good faith and entrapment by estoppel share a common origin in a series of U.S. Supreme Court cases holding that due process prohibits criminal prosecution for illegal activities performed by someone acting in reliance upon advice given by a government official. See United States v. Pennsylvania Indus. Chem. Corp., 411 U.S. 655 (1973); Cox v. Louisiana, 379 U.S. 559 (1965); Raley v. Ohio, 360 U.S. 423 (1959). While a basic maxim of the law is that ignorance of the law is no defense, United States v. Int'l Minerals & Chem. Corp., 402 U.S. 558, 563 (1971), the Supreme Court has recognized a narrow exception to that general principle in the Raley line of cases, United States v. Etheridge, 932 F.2d 318, 321 (4th Cir.), cert. denied, 502 U.S. 917 (1991) (quoting United States v. Bruscantini, 761 F.2d 640, 641 (11th Cir.), cert. denied, 474 U.S. 904 (1985)). We agree with the district court that Pearrell did not offer evidence adequate to support a finding that he, either in good faith or reasonably, relied on official statements or actions indicating that his conduct was legal or authorized.

A. Good Faith Defense

We have recognized a good faith reliance defense in criminal prosecutions which is designed to refute proof that the defendant intended to commit the crime. United States v. Miller, 658 F.2d 235, 237 (4th Cir. 1981); see also United States v. Hirschfeld, 964 F.2d 318, 322 (4th Cir. 1992); Schmidt, 935 F.2d at 1449. "The essential elements

4

of the defense are (a) full disclosure of all pertinent facts to an expert, and (b) good faith reliance on the expert's advice." Miller, 658 F.2d at 237. Therefore, in order to assert a reliance defense at trial, the defendant must present direct evidence sufficient to support a jury finding that he or she reasonably relied on advice or instructions from a government official or other relevant expert. United States v. Wilson, 721 F.2d 967, 974-75 (4th Cir. 1983); Miller, 658 F.2d at 237. The court may properly refuse to instruct the jury regarding the defense when there is inadequate evidence to support it. Schmidt, 935 F.2d at 1449; Wilson, 721 F.2d at 974. Proof of occasional meetings with government agents and unsolicited submissions of information without direct evidence of reliance on express authorization or expert advice is insufficient. Wilson, 721 F.2d at 975. "Such an unwarranted extension of the good faith defense would grant any criminal carte blanche to violate the law should he subjectively decide that he serves the government's interests thereby. Law-breakers would become their own judges and juries." Id.

Pearrell's defense was that he simply "was not even aware at all that [selling drug paraphernalia] was against the law." He offered no evidence showing that he had received and relied upon a federal government official's authorization or assurance that his conduct was legal. He alleged no statements or activity by federal officials upon which he might have based a reliance defense. Indeed, Pearrell's attorney specified that Pearrell "was not in contact with these agents" and was "not trying to rely on anything he heard from them. . . . [H]e simply worked in a store [and was told to sell the merchandise there] . . . and never was he informed or had knowledge this was against the law."

Pearrell also has claimed that the district court erred in relying solely upon Posters 'N' Things as authority because that case did not involve a good faith or entrapment defense.[4] In Posters 'N' Things,

_____

[4] Pearrell has further maintained that Posters 'N' Things is not controlling because the facts differ substantially from those in the present case. The distinctions Pearrell has sought to make--that Light's shop was not a "headshop" and that defendants were not sophisticated participants in a complicated scheme nor charged with using the mail to sell drug paraphernalia--are meritless.

5

the Supreme Court decided that an objective standard governs the scienter element of federal drug paraphernalia statutes. 114 S. Ct. at 1752. Construing the predecessor statute to 21 U.S.C. § 863(a),**5** the Court concluded that although the provisions contained no express mens rea element, Congress intended to require proof of knowledge that the merchandise sold probably would be used with illegal drugs, but not proof of specific knowledge that the merchandise was within the statutory definition of drug paraphernalia. Id. at 1753-54. The good faith defense theory seeks to negate proof of specific intent. See Hirschfeld, 964 F.2d at 322; Miller, 658 F.2d at 237. Because the statute at issue requires proof only of general, objective knowledge, as opposed to specific knowledge, the district judge properly found that the good faith defense Pearrell sought to assert was irrelevant. No matter what advice government officials might have given a defendant, if the defendant knew that the merchandise he or she was selling was commonly used with illegal drugs, the defendant would fall within the purview of 21 U.S.C. § 863(a)(1).

B. Entrapment by Estoppel Defense

Pearrell abandoned his entrapment by estoppel defense at oral argument. Moreover, unlike Light, Pearrell presented no evidence of a relationship between himself and any government official upon which he might have relied. He did not allege that government agents had authorized his conduct or paid him for information about individuals using drugs. The claim of implied authorization fails in any event because neither Pearrell nor Light demonstrated involvement by federal officials. Involvement by state and local officials would not suffice in a case brought pursuant to federal law. United States v. Clark, 986 F.2d 65, 69 (4th Cir. 1993); Etheridge, 932 F.2d at 321.

Finally, Pearrell has maintained that the district judge's ruling denied him the opportunity to present any defense. That assertion is simply groundless. While the district judge properly precluded the good faith and entrapment by estoppel defenses as tendered, Pearrell could have tried to show that he was unaware that the merchandise

_____

**5** The analysis equally applies to the current statute, which is identical in most respects to 21 U.S.C. § 857, the legislation at issue in Posters 'N' Things.

6

sold at the store was unlikely to be used or combined with illegal drugs.

The judgment is accordingly

AFFIRMED.

7