

1999 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-7-1999

# United States v Amster

Precedential or Non-Precedential:

Docket 98-7625

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_1999

Recommended Citation

"United States v Amster" (1999). *1999 Decisions.* Paper 280.
http://digitalcommons.law.villanova.edu/thirdcircuit_1999/280

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 1999 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

Filed October 7, 1999

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 98-7625

UNITED STATES OF AMERICA

v.

SCOTT AMSTER,
        Appellant

On Appeal from the United States District Court
for the Middle District of Pennsylvania
D.C. Criminal No. 98-cr-00182
(Honorable William W. Caldwell)

Argued June 2, 1999

Before: SCIRICA and McKEE, Circuit Judges,
and SCHWARZER, District Judge*

(Filed October 7, 1999)

J. DAVID BOGENSCHUTZ,
 ESQUIRE (ARGUED)
Bogenschutz & Dutko
600 South Andrews Avenue,
 Suite 500
Ft. Lauderdale, Florida 33301

 Attorney for Appellant

_____

*The Honorable William W Schwarzer, United States District Judge for
the Northern District of California, sitting by designation.

GORDON A. D. ZUBROD,
 ESQUIRE (ARGUED)
Office of United States Attorney
Federal Building
228 Walnut Street
P.O. Box 11754
Harrisburg, Pennsylvania 17108

 Attorney for Appellee

OPINION OF THE COURT

SCIRICA, Circuit Judge.

This is an appeal of a criminal sentence implicating
S 4A1.2(f) of the U.S. Sentencing Guidelines. Appellant twice
pleaded nolo contendere with the awareness that
adjudication would be withheld and his compliance with
certain conditions would result in subsequent dismissal of
the charges. In each case, the charges were dismissed. This
appeal raises the narrow issue whether the District Court
correctly treated those prior dispositions as sentences
under U.S.S.G. S 4A1.2(f) when calculating appellant's
criminal history score under U.S.S.G. S 4A1.1(c).

I

On March 31, 1993, appellant Scott Amster was arrested
in Broward County, Florida with a homemade crack cocaine
pipe containing residues of cocaine. In the Broward County
Court, he entered a plea of nolo contendere to possession of
cocaine and drug paraphernalia, but the court withheld
adjudication and sentenced him to one year probation. On
June 14, 1994, Amster was arrested again for possession of
crack cocaine. He pleaded nolo contendere, adjudication
was withheld, and he was sentenced to two years
probation. Amster apparently completed a drug treatment
program, and, on May 6, 1996, the Broward County Court
vacated Amster's 1993 and 1994 pleas and sentences and
dismissed both cases under Fla. Stat. Ch. 397.705(1)
(1993) (amended 1997), which at that time provided,

2

> If any offender . . . is charged with or convicted of a
> crime, the court . . . may require the offender to receive
> [drug counseling] services . . . . [T]he referral may be
> instead of or in addition to final adjudication,
> imposition of penalty or sentence, or other action.

See also State v. Dugan, 685 So.2d 1210, 1213 (Fla. 1996)
("[Section 397.705(1)] gives the trial court the discretion to
dismiss the charges against an offender who successfully
completes a drug treatment program.").

On August 13, 1998, Amster pleaded guilty in United
States District Court for the Middle District of Pennsylvania
to one count of conspiracy to commit mail fraud and wire
fraud in violation of 18 U.S.C.A. S 371 (West 1966 & Supp.
1999). Under U.S. Sentencing Guidelines Manual S 4A1.1(c)
(1998), Amster's criminal history category was increased by
one point each for his 1993 and 1994 Broward County
dispositions. Amster now appeals, contending his prior nolo
contendere pleas and sentences which were dismissed
should not have increased his federal criminal history
category.

II

The District Court had jurisdiction under 18 U.S.C.A.
S 3231 (West 1985). We have jurisdiction under 18 U.S.C.A.
S 3742(a) (West 1985 & Supp. 1999) and 28 U.S.C.A.
S 1291 (West 1993). The District Court's interpretation of
the guidelines is reviewed de novo. See United States v.
Vitale, 159 F.3d 810, 813 (3d Cir. 1998).

III

The Sentencing Guidelines specify that for purposes of
S 4A1.1(c), "[d]iversion from the judicial process without a
finding of guilt (e.g., deferred prosecution) is not counted. A
diversionary disposition resulting from a finding or
admission of guilt, or a plea of nolo contendere, in a judicial
proceeding is counted . . . even if a conviction is not
formally entered." U.S.S.G. S 4A1.2(f). In support of its
position that this section requires that Amster's previous
nolo contendere pleas be counted in his criminal history,

the government has cited several cases in which federal defendants' criminal history categories were increased based on prior incidents in which adjudication was withheld by the court. See United States v. Rockman, 993 F.2d 811 (11th Cir. 1993) (nolo contendere plea considered sentence for purpose of S 4A1.1(c)); United States v. Bagheri, 999 F.2d 80, 82 (4th Cir. 1993) (same result where defendant "agreed to probation without entry of judgment"); United States v. Frank, 932 F.2d 700 (8th Cir. 1991) (same result where defendant pleaded guilty but adjudication was withheld); United States v. Giraldo-Lara, 919 F.2d 19 (5th Cir. 1990) (same).

Amster seeks to distinguish the government's cases by pointing out that the Broward County Court did more than withhold adjudication; it vacated his pleas and dismissed his cases. According to Amster, the nolo pleas should not be counted against him because the vacaturs placed him in the position he had been before the pleas were entered. Furthermore, Amster argues he entered his pleas with full knowledge they would eventually be vacated by the court if he successfully completed his treatment.

Section 4A1.2(f) is unequivocal. "A diversionary disposition resulting from . . . a plea of nolo contendere in a judicial proceeding is counted . . . ." Each of Amster's nolo contendere pleas resulted in a "diversionary disposition." See Rockman, 993 F.2d at 814. In light of the clear and unambiguous language of the guideline and the lack of applicable ameliorating language in the application notes, see U.S.S.G. S 4A1.2, comment. (nn. 6, 9, 10),1 Amster

_____

1. Application Notes 6, 9 and 10 provide:

> 6. Reversed, Vacated, or Invalidated Convictions. Sentences resulting from convictions that (A) have been reversed or vacated because of errors of law or because of subsequently discovered evidence exonerating the defendant, or (B) have been ruled constitutionally invalid in a prior case are not to be counted. With respect to the current sentencing proceeding, this guideline and commentary do not confer upon the defendant any right to attack collaterally a prior conviction or sentence beyond any such rights otherwise recognized in law (e.g., S 21 U.S.C. 851 expressly provides that a defendant may collaterally attack certain prior convictions). . . .

4

cannot avoid the effect of his prior pleas on his present sentence.

Accordingly, we will affirm the judgment of sentence.

A True Copy:
Teste:

Clerk of the United States Court of Appeals
    for the Third Circuit

_____

9. Diversionary Dispositions. Section 4A1.2(f) requires counting prior adult diversionary dispositions if they involved a judicial determination of guilt or an admission of guilt in open court. This reflects a policy that defendants who receive the benefit of a rehabilitative sentence and continue to commit crimes should not be treated with further leniency.

10. Convictions Set Aside or Defendant Pardoned. A number of jurisdictions have various procedures pursuant to which previous convictions may be set aside or the defendant may be pardoned for reasons unrelated to innocence or errors of law, e.g., in order to restore civil rights or to remove the stigma associated with a criminal conviction. Sentences resulting from such convictions are to be counted. However, expunged convictions are not counted.
S 4A1.2(j).

U.S.S.G. S 4A1.2, comment. (nn. 6, 9, 10).

Amster does not argue either of the dispositions in question was expunged.

5