[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DEC 11 2000
THOMAS K. KAHN
CLERK

----------------------------------------

No. 99-14955

----------------------------------------

D. C. Docket No. 99-00506-CR-DLG

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ARMANDO LAZARO FERNANDEZ,

Defendant-Appellant.

-------------------------------------------------------------------
Appeal from the United States District Court
for the Southern District of Florida
-------------------------------------------------------------------

**(December 11, 2000)**

Before EDMONDSON and MARCUS, Circuit Judges, and RESTANI*, Judge.

_____

* Honorable Jane A. Restani, Judge, United States Court of International Trade, sitting by
designation.

PER CURIAM:

This case presents this question: whether a plea of <u>nolo contendere</u>, where adjudication has been withheld, qualifies as a conviction for purposes of U.S.S.G. §2K2.1(a)(2). The answer is "yes".

In 1999, Defendant was indicted for being a felon in possession of a firearm, in violation of 18 U.S.C. §922(g)(1) (Count 1) and for having knowingly made a false statement to a firearms dealer, in violation of 18 U.S.C. §922(a)(6) (Count 2). Defendant pleaded guilty to Count 1 of the indictment pursuant to a plea agreement with the government.

The PSI set the base offense level at 24, in accordance with U.S.S.G. §2K2.1(a)(2), based on a finding that Defendant had two prior felony convictions. The probation officer relied on a 1990 aggravated-assault conviction. In addition, he relied on a 1988 offense for carrying a concealed weapon to which Defendant had pleaded <u>nolo contendere</u> in Florida state court but for which there was no adjudication of guilt. Defendant did not contest the use of his 1990 aggravated-assault conviction. He, however, did argue that the 1988 offense could not be used to determine his base offense. At sentencing, the district court disagreed with Defendant and concluded that the 1988 offense did count as a conviction for purposes of U.S.S.G. §2K2.1(a)(2).

2

Under section 2K2.1, a criminal defendant's base offense level is 24 if the defendant has "at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. §2K2.1(a)(2).

The guidelines are clear that, if a prior conviction results in a criminal history point under section 4A1.1, then the conviction is to be considered a conviction under section 2K2.1(a)(2) as well. See U.S.S.G. §2K2.1(a)(2) comment. (n.5)("For purposes of determining the number of such convictions under [this] subsection, count any such prior convictions that receives any points under §4A1.1"); see also United States v. Laihben, 167 F.3d 1364, 1366 (11th Cir. 1999)(if state court conviction qualifies for criminal-history points under §4A1.1, it will be considered prior conviction for determining base level offense under §2K2.1(a)).

Under the Sentencing Guidelines, an offense that resulted in a plea of nolo contendere with no adjudication of guilt is to be included in the criminal-history calculation of section 4A1.1. See U.S.S.G. §4A1.2(f) ("plea of nolo contendere in a judicial proceeding is counted as a sentence under §4A1.1(c) even if a conviction is not formally entered)(punctuation omitted); see also United States v. Rockman,

993 F.2d 811, 814 (11th Cir. 1993) (defendant's offense to which he had pled nolo contendere was properly counted as an offense under U.S.S.G. §4A1.1(c) even though there was no adjudication of guilt).  Thus, the district court properly counted Defendant's 1988 offense in the criminal history calculation of section 4A1.1(c).[1]  Therefore, because Defendant's 1988 offense resulted in a criminal history point under section 4A1.1, it is to be counted as a "conviction" under section 2K2.1.

The district court relied on United States  v. Jones, 910 F.2d 760 (11th Cir. 1990), in concluding that Defendant's nolo plea was a conviction.  Jones said that a nolo plea was to be considered a "conviction" in making the defendant eligible for career offender status under section 4B1.1.  Jones is relevant to the present case because both sections 4B1.1 and 2K2.1 refer to U.S.S.G. §4B1.2 to define "prior felony convictions".

Defendant first argues that the district court's reliance on Jones is erroneous because Jones based its conclusions on the reasoning contained in a line of cases which has been subsequently overruled by Congress.  See 18 U.S.C. §921(a)(20).

---

[1]Defendant did not object to having been attributed one criminal-history point for the 1988 offense.

4

While two of these cases may have been overruled[2], Jones' ultimate determination remains intact: a prior state court nolo plea in which adjudication was withheld can be used as a conviction to make the defendant eligible for career-offender status under the Sentencing Guidelines. This conclusion is still good law and has been cited (after the pertinent congressional act) with approval by this court. See United States v. Mejias, 47 F.3d 401, 404 (11th Cir. 1995).

Defendant also argues that, in United States v. Willis, 106 F.3d 966 (11th Cir. 1997), we said that under Florida law "a conviction requires either an adjudication of guilt by verdict of the jury or a plea of guilty." While this reading of Willis may be accurate, Willis distinguished itself from Jones by noting that the definition of "conviction" under 18 U.S.C. §922(g)(1) -- the statute at issue in Willis -- was governed by state law, while the definition of "conviction" under U.S.S.G. §4B1.1 -- the guideline at issue in Jones -- was governed by federal law. In other words, Willis interpreted the meaning of "conviction" under state law, while Jones interpreted its meaning under federal law.

---

[2]In 1986, Congress amended 18 U.S.C. §921(a)(20) to specify that the term "conviction", within the meaning of 18 U.S.C. §922(g)(1), was to be determined by state law. See United States v. Willis, 106 F.3d 966, 968 (11th Cir. 1997). Two cases upon which Jones relied -- United States v. Bruscantini, 761 F.2d 640 (11th Cir. 1985) and United States v. Garcia, 727 F.2d 1028 (11th Cir. 1984) -- are no longer good law to the extent that they interpreted section 922(g)(1) in accordance with federal law. See id. But, neither section 921(a)(2) nor Willis affects how the term "conviction" is to be defined under the Sentencing Guidelines.

5

Furthermore, authority in the Fifth Circuit strengthens our view that the district court properly considered Defendant's <u>nolo</u> plea. In <u>United States v. Stauder</u>, 73 F.3d 56 (5th Cir. 1996), the Fifth Circuit said that a guilty plea in Texas state court for which the defendant received a "ten-year sentence but with deferred adjudication probation" could be used to calculate the base offense level under section 2K2.1, even though the offense disposition was not considered a conviction under Texas law. <u>See id.</u> at 56-57.

For these reasons, we conclude that a plea of <u>nolo contendere</u> is to be considered a conviction under section 2K2.1(a)(2) of the United States Sentencing Guidelines.

AFFIRMED.