[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-17291
Non-Argument Calendar
_____

D.C. Docket No. 1:16-cr-20405-KMW-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JONATHAN CLARET,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(October 31, 2017)

Before HULL, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

After pleading guilty, Jonathan Claret appeals his 40-month sentence for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Claret's conviction stems from a video he posted on Instagram showing him shooting an AK-47 style rifle at a gun range in May 2016.  On appeal, Claret argues that the district court erred: (1) in calculating his base offense level of 22, pursuant to U.S.S.G. § 2K2.1(a)(3), because his prior conviction for Florida armed robbery was not a qualifying crime of violence; and (2) in assessing one criminal history point for each of his two prior marijuana possession offenses, for which the state court withheld adjudication.  After review, we affirm the district court's guidelines calculations and Claret's 40-month sentence.

## I.  OFFENSE LEVEL UNDER § 2K2.1

Under U.S.S.G. § 2K2.1, the defendant's base offense level is 22 if he (1) possessed, inter alia, a semiautomatic firearm capable of accepting a large capacity magazine (2) subsequent to sustaining a felony conviction of a "crime of violence" or a controlled substance offense.  U.S.S.G. § 2K2.1(a)(3).  The phrase "crime of violence" has the same meaning given to that term in U.S.S.G. § 4B1.2(a).  U.S.S.G. § 2K2.1 cmt. n.1.  Under the 2015 version of the Sentencing Guidelines, which was the version applied at Claret's sentencing, § 4B1.2(a) defined "crime of violence" as any felony that:

(1)  has as an element the use, attempted use, or threatened use of physical force against the person of another, or

2

(2)  is a burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

U.S.S.G. § 4B1.2(a) (2015).  Section 4B1.2(a)(1) is commonly referred to as the "elements clause" and § 4B1.2(a)(2) contains the "enumerated offenses" and the "residual clause."  See United States v. Lockley, 632 F.3d 1238, 1240-41 (11th Cir. 2011).  In addition to the offenses enumerated in the text of § 4B1.2(a)(2), the commentary identified numerous other offenses, including robbery, that also were included as "crimes of violence."  See U.S.S.G. § 4B1.2 cmt. n.1 (2015).  Prior to 2016 amendments to § 4B1.2, this Court treated the crimes listed in the commentary the same as the crimes listed in the text of the § 4B1.2(a)(2).  See, e.g., Lockley, 632 F.3d at 1242-45 (addressing robbery); United States v. Palomino Garcia, 606 F.3d 1317, 1326-34 (11th Cir. 2010) (addressing aggravated assault).

In August 2016, a few months before Claret's sentencing, the Sentencing Commission amended U.S.S.G. § 4B1.2(a)'s definition of "crime of violence" in several ways, including eliminating the residual clause and revising the offenses enumerated in the text to include, among others, robbery.  See U.S.S.G. app. C, amend. 798. The Sentencing Commission explained that the list of qualifying offenses formerly "set forth in both § 4B1.2(a)(2) and the commentary at Application Note 1," were moved into the guideline's text "[f]or easier application."  U.S.S.G. app. C., amend. 789 (Reason for Amendment).  The

elements clause in § 4B1.2(a)(1), however, remained unchanged, and thus crimes of violence qualifying under the elements clause before the amendment continue to qualify under that clause after the amendment.[1]

Prior to sentencing, Claret objected to the Presentence Investigation Report's ("PSI") determination that Claret's base offense level was 22 based on his 2011 Florida conviction for armed robbery. Claret argued that: (1) § 4B1.2(a)(2)'s residual clause in the 2015 version of the Guidelines was unconstitutionally vague in light of the Supreme Court's recent decision in Johnson v. United States, 576 U.S. ___, 135 S. Ct. 2551 (2015), invalidating the identical residual clause in the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii); and (2) Florida armed robbery, Florida Statutes § 812.13(2), was not a crime of violence under § 4B1.2(a)(1)'s elements clause because it did not have as an element the use, attempted use, or threatened use of the kind of "violent force" required by Johnson v. United States, 559 U.S. 133, 130 S. Ct. 1265 (2010) ("Curtis Johnson").

At the November 2016 sentencing hearing, the district court overruled Claret's objection to his base offense level. The district court concluded that Claret's Florida armed robbery conviction constituted a crime of violence under this Court's binding precedent in United States v. Lockley, 632 F.3d at 1240-41,

---

[1] Prior to sentencing, Claret argued that the 2015 Sentencing Guidelines in effect at the time of his offense should apply rather than the 2016 amended Sentencing Guidelines in effect at the time of his sentencing, and the district court applied the 2015 Sentencing Guidelines.

and United States v. Seabrooks, 839 F.3d 1326, 1238-46 (11th Cir. 2016).  Claret acknowledged this Court's precedent, but stated that he wished to preserve his argument that Seabrooks was "incorrectly decided under Johnson."

The district court correctly calculated Claret's base offense level of 22.  It is uncontested that Claret was in possession of a semiautomatic firearm capable of accepting a large capacity magazine (the AK-47 style rifle).  Moreover, the district court did not err in determining that Claret's 2011 Florida armed robbery conviction under Florida Statutes § 812.13(2) qualified as a crime of violence.

Under Florida law, the defendant commits both robbery and armed robbery by taking money or other property "from the person or custody of another, with intent to either permanently or temporarily deprive the person or the owner of the money or other property, when in the course of the taking there is the use of force, violence, assault, or putting in fear."  Fla. Stat. § 812.13(1), (2)(a).  The only difference between robbery and armed robbery is that, in an armed robbery, the defendant carries "a firearm or other deadly weapon."  See id. § 812.13(2)(a).

In Lockley, this Court concluded that Florida robbery, under Florida Statutes § 812.13(1), qualifies as a crime of violence under U.S.S.G. § 4B1.2(a)(1)'s element's clause.  632 F.3d at 1244-45.  Additionally, this Court has repeatedly held that Florida armed robbery, under § 812.13(2), qualifies as a violent felony under the ACCA's identical elements clause in § 924(e)(2)(B)(ii).  See United

States v. Fritts, 841 F3d 937, 940 (11th Cir. 2016); Seabrooks, 839 F.3d at 1340-41; United States v. Dowd, 451 F.3d 1244, 1255 (11th Cir. 2006).[2]

There is no merit to Claret's argument that the application of the prior panel precedent rule in this case violates his due process rights. The argument Claret makes on appeal—that the violent force required by Curtis Johnson is not an element of a § 812.13(2) offense of Florida armed robbery—has been argued to, and decided by, this Court in Fritts, Seabrooks, and Dowd, and these holdings have not been overturned by the Supreme Court or this Court sitting en banc. Thus, Claret's arguments in this case are foreclosed by our precedent. See Archer, 531 F.3d at 1352.

Alternatively, Claret's 2011 Florida armed robbery conviction qualifies as an enumerated offense. The 2015 commentary to § 4B1.2 lists robbery as a crime of violence. See U.S.S.G. § 4B1.2 cmt. n.1. The definition of crime of violence provided in the guideline's commentary is authoritative. United States v. Hall, 714 F.3d 1270, 1274 (11th Cir. 2013). Further, this Court has concluded that Florida robbery is generic robbery, and thus qualifies as a crime of violence under the enumerated robbery offense. See Lockley, 632 F.3d at 1242-45.

---

[2]Because the definitions of "violent felony" in the ACCA and "crime of violence" in the Sentencing Guidelines are virtually identical, this Court applies decisions as to the interpretation of one definition to the other definition. Gilbert v. United States, 640 F.3d 1293, 1309 n.16 (11th Cir. 2011) (en banc); see also United States v. Alexander, 609 F.3d 1250, 1253 (11th Cir. 2010); United States v. Harris, 586 F.3d 1283, 1285 (11th Cir. 2009); United States v. Archer, 531 F.3d 1347, 1352 (11th Cir. 2008).

6

Accordingly, the district court properly determined, consistent with our precedent, that Claret's 2011 conviction for armed robbery under § 812.13(2) qualifies as a crime of violence both under U.S.S.G. § 4B1.2(a)(1)'s elements clause and as an enumerated offense under the 2015 commentary to § 4B1.2 (2015). Because Claret's current offense involved the requisite semiautomatic firearm, and he committed his offense after he sustained a felony conviction for a crime of violence, the district court did not err in determining that Claret's base offense level was 22 under § 2K2.1(a)(3).

## II. CRIMINAL HISTORY SCORE

Under U.S.S.G. § 4A1.2(a), a prior sentence is "any sentence previously imposed upon adjudication of guilt, whether by guilty plea, trial, or plea of nolo contendere." U.S.S.G. § 4A1.2(a)(1). However, "[a] diversionary disposition resulting from a finding or admission of guilt, or a plea of nolo contendere, in a judicial proceeding is counted as a sentence under § 4A1.1(c) even if a conviction is not formally entered." Id. § 4A1.2(f). This Court has held that while an offense in which the defendant entered a plea of nolo contendere and adjudication was withheld does not qualify as a prior sentence under 4A1.2(a)(1), it does qualify as a diversionary disposition that is properly counted as a "prior sentence" under 4A1.1(c). United States v. Wright, 862 F.3d 1265, 1280 (11th Cir. 2017); see also

United States v. Tamayo, 80 F.3d 1514, 1522 (11th Cir. 1996); United States v. Rockman, 993 F.2d 811, 813-14 (11th Cir. 1993).

Here, the district court did not err in assessing one criminal history point for each of Claret's two Florida misdemeanor marijuana possession convictions.[3] At sentencing, Claret's counsel, an attorney with Federal Defender's Office in Miami, Florida, agreed that Claret had entered pleas of nolo contendere to the two offenses and that the Florida state court had withheld adjudication. Claret's counsel argued instead that this Court's prior precedent in Rockman was incorrectly decided and that withheld adjudications in Florida state courts should not be considered diversionary dispositions because they are not rehabilitative. The district court overruled Claret's objection to the criminal history points, stating that "under the law [the convictions] are affirmatively accounted for."

This Court repeatedly has held that a diversionary disposition supported by a nolo contendere plea for which adjudication is withheld is properly counted as a prior sentence under 4A1.1(c) and, thus, should be included in the criminal history calculation. See Wright, 862 F.3d at 1280; Tamayo, 80 F.3d at 1522; Rockman, 993 F.2d at 813-14. Accordingly, the district court properly determined that Claret's two adjudications withheld for marijuana possession qualified as

---

[3]"We review de novo the district court's interpretation and application of the United States Sentencing Guidelines." United States v. Acuna-Reyna, 677 F.3d 1282, 1284 (11th Cir. 2012) (quotation marks omitted).

"diversionary dispositions" under U.S.S.G. § 4A1.2(f) for purposes of assigning one criminal history point to each of them under § 4A1.1(c).

On appeal, Claret for the first time makes a different argument. Now Claret contends that the government failed to present evidence at the sentencing hearing that he actually entered a <u>nolo contendere</u> plea.[4] This argument ignores that, at the sentencing hearing, even Claret's attorney stated to the district court that "this is as to the <u>nolo</u> plea to the count where the Court withheld adjudication." The district court then even acknowledged that it could be difficult for a defendant who has entered a <u>nolo contendere</u> plea to understand how that the conviction could be later counted against them in future cases. In response, Claret again did not dispute that there were <u>nolo</u> pleas. Rather, defense counsel continued to argue solely that this Court's <u>Rockman</u>—holding that a prior offense in which the state court withheld adjudication after a <u>nolo contendere</u> plea is a "diversionary disposition" under U.S.S.G. § 4A1.2(f)— was incorrectly decided. Claret therefore invited the district court to find that Claret pled <u>nolo contendere</u> to the adjudication withheld offenses. Claret's new argument—that the government did not prove it was a <u>nolo contendere</u> plea—is foreclosed by the invited-error doctrine. <u>See</u> <u>United States v.</u>

---

[4]In his reply brief, Claret raises additional new arguments as to why the district court should not have assessed criminal history points for his marijuana convictions, including that the record did not show that he was represented by counsel or informed of the consequences of his plea in state court. Because Claret did not make these arguments in his opening brief, we do not address them. <u>See</u> <u>United States v. Britt,</u> 437 F.3d 1103, 1104 (11th Cir. 2006).

9

Love, 449 F.3d 1154, 1157 (11th Cir. 2006) (explaining that the doctrine of invited error applies when a defendant induces or invites the district court to make an error).

Claret's final argument is that the district court improperly considered the underlying facts of one of his marijuana offenses in calculating his criminal history score. We disagree. First, the district court overruled Claret's objection and stated that the withheld adjudications were properly counted. After that ruling, the district court addressed Claret's own argument that his marijuana offenses were minor by pointing out that a firearm was involved in one of the offenses. The district court then stated, "In any event, I will overrule the defendant's objection." When viewed in context, the district court's comment does not indicate that the district court considered the firearm in deciding whether to assign one criminal history point to that marijuana conviction.

Given that it was undisputed that Claret's two adjudications withheld resulted from nolo contendere pleas, the district court properly assigned one criminal history point for each marijuana possession offense and correctly calculated Claret's criminal history score.

**AFFIRMED.**

10