UNITED STATES of America, Appellee,

v.

David Lee FRANK, Appellant.

No. 90–5535.

United States Court of Appeals,
Eighth Circuit.

Submitted April 24, 1991.

Decided April 29, 1991.

---

David Lee Frank, Sandstone, Minn., for appellant.

Andrew S. Dunne, Minneapolis, Minn., for appellee.

Before McMILLIAN, FAGG and MAGILL, Circuit Judges.

MAGILL, Circuit Judge.

David Lee Frank appeals the district court's[1] imposition of a twenty-one-month sentence after his guilty plea to one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). He argues through counsel that the district court erred in increasing his criminal history category for a diversionary disposition on a state charge, and pro se that his guilty plea was involuntary as a result of his counsel's ineffective assistance. We affirm.

In 1984, Frank pleaded guilty to possession of marijuana in violation of Minnesota law. The state court stayed the adjudication and placed Frank on probation under Minn.Stat.Ann. § 152.18 (West 1989). In the instant case, this state probation sentence was included in the calculation of Frank's criminal history category. U.S. S.G. § 4A1.2(f) states that a diversionary disposition "resulting from a finding or admission of guilt" in a judicial proceeding is counted as a sentence under Guidelines § 4A1.1(c), even if a conviction is not formally entered. Frank's guilty plea to the state charge was an admission of guilt, and thus the state probation sentence was properly counted as a prior sentence under Guidelines § 4A1.2(f). *See United States v. Giraldo-Lara*, 919 F.2d 19, 22–23 (5th Cir.1990).

Frank's argument that the inclusion of the probationary sentence in his criminal history category violated the tenth amendment is without merit. Minnesota law provides that a nonpublic record of the proceedings will be maintained "for the purpose of use by the courts in determining the merits of subsequent proceedings against such person." Minn.Stat.Ann. § 152.18(1) (West 1989). As the government points out, this latter language has been interpreted as contemplating use of the record "should defendant have 'future difficulties with the law.'" *State v. Goodrich*, 256 N.W.2d 506, 512 (Minn.1977).

 Frank's pro se claim of ineffective assistance of counsel is dismissed without prejudice. This claim is more properly raised in a habeas corpus proceeding. *See United States v. Sanchez*, 927 F.2d 376, 378–79 (8th Cir.1991) (per curiam); *United States v. Murphy*, 899 F.2d 714, 716 (8th Cir.1990).

Accordingly, we affirm.

---

**1.** The Honorable David S. Doty, United States District Judge for the District of Minnesota.