989 F.2d 496
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Theodore John SHORTS, III, Defendant-Appellant.
 No. 92-5405.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: January 29, 1993
Decided: March 23, 1993
 
 Appeal from the United States District Court for the Northern District of West Virginia, at Wheeling. Frederick P. Stamp, Jr., District Judge. (CR-92-33)
 Christopher J. Paull, CIPRIANI & PAULL, L.C., Wellsburg, West Virginia, for Appellant.
 William A. Kolibash, United States Attorney, Thomas O. Mucklow, Assistant United States Attorney, Wheeling, West Virginia, for Appellee.
 N.D.W.Va.
 AFFIRMED.
 Before HALL, WILKINSON, and NIEMEYER, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 Theodore Shorts, III, entered a guilty plea to possession of twelve pounds of marijuana with intent to distribute (21 U.S.C.A. § 841 (West 1981 & Supp. 1992)). He contends in this appeal that he was incorrectly sentenced in that the district court wrongly gave him an enhancement for possession of a dangerous weapon, awarded him a criminal history point for a prior state diversionary sentence, and did not consider whether his plea agreement obligated the government to move for a substantial assistance departure. We affirm.
 
 
 2
 Shorts contacted a confidential informant who had formerly provided marijuana to him and negotiated to buy five pounds of marijuana. The informant offered him a larger amount, of which Shorts accepted twelve pounds. Shorts gave the informant five firearms and title to several motorcycles as collateral. Shorts was arrested immediately after the transaction.
 
 
 3
 The commentary to guideline section 2D1.1 instructs that an enhancement should be given if a weapon was present during the offense, unless it is clearly improbable that the weapon was connected to the offense. It explains that the enhancement is given because there is an increased danger of violence when drug traffickers possess weapons. United States Sentencing Commission, Guidelines Manual, § 2D1.1, comment. (n.3) (Nov. 1991). Shorts argues that the district court incorrectly applied the guideline when it increased his base offense level because the guns were unloaded and were not used in a threatening manner. Therefore, he contends, they were not connected to the offense in any way which the guideline intended to punish.
 
 
 4
 However, the weapons made possible Shorts's acquisition of the marijuana, and were thus an integral part of the offense. Moreover, guns need not be loaded, and need not even be operable, provided they are not visibly defective, for the enhancement to apply. United States v. Villarreal, 920 F.2d 1218, 1221-22 (5th Cir. 1991); United States v. Luster, 896 F.2d 1122, 1128-29 (8th Cir. 1990). Even though there is no evidence that Shorts had a propensity for violence, he turned five guns over to a person he believed to be another drug dealer, thus showing a willingness to increase the likelihood of violence occurring. Therefore, the district court did not err in giving the enhancement.
 
 
 5
 In 1987, Shorts entered a guilty plea in West Virginia state court to possession of marijuana. Judgment was deferred, and after Shorts successfully served a term of six months probation, the charge was dismissed. Shorts maintains that he should not have received a criminal history point for this diversionary disposition because there was no adjudication of guilt. U.S.S.G. § 4A1.2(f). We disagree. Section 4A1.2(f) provides that a diversionary disposition resulting from an admission of guilt is counted. Other circuits have uniformly upheld the award of criminal history points on an admission of guilt by the defendant even when there is no formal conviction under state law. See United States v. Cox, 934 F.2d 1114, 1124 (10th Cir. 1991); United States v. Frank, 932 F.2d 700 (8th Cir. 1991); United States v. Hatchett, 923 F.2d 369, 376 (5th Cir. 1991); United States v. Giraldo-Lara, 919 F.2d 19, 22 (5th Cir. 1990). Short also alleges that consideration of this prior sentence violates double jeopardy, due process, and equal protection. These claims are waived since they were not raised in the district court. United States v. Davis, 954 F.2d 182 (4th Cir. 1992). No plain error appears.
 
 
 6
 Finally, Shorts's claim that his plea agreement obligated the government to move for a substantial assistance departure, and that the district court erred in failing to consider sua sponte the possibility that a contractual obligation may have existed has also been waived by his failure to raise it before sentence was imposed. To the extent that his vaguely-worded objection, made after sentencing, preserved this issue, it is without merit.
 
 
 7
 We therefore affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED