_____

No. 95-2988
_____

United States of America,  *
                           *
          Appellee,        *
                           *
     v.                    *  Appeal from the United States
                           *  District Court for the
Rodger C. Seratt, also known as  *  Western District of Arkansas
Roy Scott, also known as Roc  *
Scott, also known as Kenneth  *  (UNPUBLISHED)
Funke,                     *
                           *
          Appellant.       *


_____

          Submitted:  May 1, 1996

             Filed:  May 8, 1996
_____

Before McMILLIAN, WOLLMAN and MURPHY, Circuit Judges.
_____

PER CURIAM.


     Rodger C. Seratt appeals from the final judgment entered in the
District Court[1] for the Western District of Arkansas following his plea of
guilty to attempted possession of a listed chemical (ephedrine) with
knowledge that it would be used to manufacture a controlled substance, in
violation of 21 U.S.C. §§ 841(d)(2) and 846, and to criminal forfeiture,
in violation of 21 U.S.C. § 853.  On appeal, Seratt challenges his
sentence.  For the reasons set forth below, we affirm.


     At sentencing, Seratt argued that he was not a career offender under
U.S.S.G. § 4B1.1, because one of the prior convictions

_____

     [1]The Honorable H. Franklin Waters, Chief Judge, United States
District Court for the Western District of Arkansas.

underlying his career-offender status--a 1988 New Mexico conviction for which he received a deferred sentence and one year unsupervised probation-- was a deferred prosecution and thus was not countable under U.S.S.G. § 4A1.2(f) (diversionary dispositions from judicial process without finding of guilt, e.g., deferred prosecutions, not counted).  Seratt also challenged the assessment of one criminal history point for a 1986 Missouri conviction for which he received a suspended sentence and two years supervised probation, because that also was a deferred prosecution. Finally, Seratt argued that he was entitled to an acceptance-of-responsibility reduction.  After overruling Seratt's objections, the district court sentenced Seratt to 120 months imprisonment and two years supervised release and ordered him to pay a $12,500 fine.

On appeal, Seratt first argues the district court erred in counting his New Mexico conviction as a prior sentence.  "A diversionary disposition resulting from a finding or admission of guilt, or a plea of nolo contendere, in a judicial proceeding is counted as a sentence under § 4A1.1(c) even if a conviction is not formally entered, except that diversion from juvenile court is not counted."  U.S.S.G. § 4A1.2(f). Because the record shows that Seratt received a diversionary disposition of his New Mexico charge after pleading "no contest" to the charge, we conclude the district court properly counted the sentence under U.S.S.G.§ 4A1.2(f).  See United States v. Pierce, 60 F.3d 886, 892-93 (1st Cir. 1995) (plea of nolo contendere and state's withholding of adjudication is diversionary disposition properly calculated in defendant's criminal history category), petition for cert. filed, No. 95-6474 (U.S. Oct. 19, 1995); United States v. Rockman, 993 F.2d 811, 812-14 (11th Cir. 1993) (same), cert. denied, 114 S. Ct. 900 (1994).

Although Seratt argues that he received a dismissal of the charge after he served his probationary sentence, Seratt's guilt as to the charge was established when he entered his plea.  See U.S.S.G. § 4B1.2(3) (for purposes of § 4B1.1, date that defendant

sustained conviction shall be date that defendant's guilt has been established "whether by guilty plea, trial, or plea of <u>nolo</u> <u>contendere</u>"); <u>United States v.Pierce</u>, 60 F.3d at 892 (under § 4B1.2(3) guilt-establishing event--such as plea where defendant states he does not wish to contest charges--and not formal entry of adjudicatory judgment, determines whether conviction is countable; withheld adjudication following nolo contendere plea constitutes conviction under § 4B1.1); <u>United States v. Jones</u>, 910 F.2d 760, 761 (11th Cir. 1990) (per curiam) (withheld adjudication following nolo- contendere plea constitutes conviction under § 4B1.1).

We will not consider Seratt's arguments that the New Mexico diversion statute created a liberty interest and that the dismissal order was tantamount to an expungement, because these arguments are raised for the first time on appeal.  <u>See</u> <u>United States v. White</u>, 890 F.2d 1033, 1034 (8th Cir. 1989) (claim as to constitutionality of sentencing entrapment statute not raised below was not properly before appellate court); <u>accord</u> <u>United States v. Bost</u>, 968 F.2d 729, 734 n.4 (8th Cir. 1992).

Next, we reject Seratt's argument--to the extent it is not moot because of his career-offender status--that the district court erroneously assessed one criminal history point for his Missouri sentence.   The record shows that he pleaded guilty to the charge.  <u>See</u> <u>United States v. Frank</u>, 932 F.2d 700, 701 (8th Cir. 1991) (state probation sentence properly counted as prior sentence under § 4A1.2(f) where defendant pleaded guilty to state charge).

Seratt also argues that the district court erroneously denied him an acceptance-of-responsibility reduction.  A district court may reduce the offense level of a defendant who "clearly demonstrates acceptance of responsibility for his offense."  U.S.S.G. § 3E1.1.  Whether a defendant has accepted responsibility is a factual question that depends in large part on the district court's credibility assessments; the district court's decision to

grant or deny the reduction is given great deference on appeal and will not be disturbed unless clearly erroneous.  United States v. Evans, 51 F.3d 764, 766 (8th Cir. 1995).  A defendant who enters a guilty plea is not entitled as a matter of right to a reduction for acceptance of responsibility.  U.S.S.G. § 3E1.1, comment. (n.3).

We conclude the district court did not clearly err in denying the reduction, because the district court found as a credibility matter that Seratt was not remorseful.  See United States v. Adipietro, 983 F.2d 1468, 1472 (8th Cir. 1993).  We reject Seratt's assertion that the district court denied him the reduction based solely on his prior convictions.  The record shows that the district court considered Seratt's past record only insofar as it was relevant to the determination of whether Seratt was remorseful for the instant offense or was instead essentially manipulating the justice system.  See United States v. Byrd, 76 F.3d 194, 196-97 (8th Cir. 1996).  Moreover, Seratt failed to present any evidence beyond his attorney's statements to support the reduction.  See United States v. Morales, 923 F.2d 621, 628 (8th Cir. 1991) (defendant bears burden for establishing acceptance of responsibility).

Seratt next argues that the district court erroneously determined that he could pay a fine.  In all cases, a district court shall impose a fine unless "the defendant establishes that he is unable to pay and is not likely to become able to pay any fine."  U.S.S.G. § 5E1.2(a).  Because Seratt presented no evidence to the contrary, we conclude the district court did not err in finding that Seratt could pay a $12,500 fine based on the length of his sentence and prison work opportunities.  See United States v. West, 15 F.3d 119, 122 (8th Cir.) (affirming $15,000 fine where defendant failed to present any evidence fine was unreasonable), cert. denied, 115 S. Ct. 177 (1994).

Finally, we deny Seratt's pro se motion for a change of

-4-

counsel and for leave to file a supplemental brief.

The judgment is affirmed.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.