J. David Bogenschutz (Argued), Bogenschutz & Dutko, Ft. Lauderdale, Florida, for Appellant.

Gordon A.D. Zubrod (Argued), Office of United States Attorney, Harrisburg, Pennsylvania, for Appellee.

Before: SCIRICA and McKEE, Circuit Judges, and SCHWARZER, District Judge[*]

**UNITED STATES of America**

v.

**Scott AMSTER, Appellant.**

**No. 98–7625.**

United States Court of Appeals, Third Circuit.

Argued June 2, 1999.

Decided Oct. 7, 1999.

**OPINION OF THE COURT**

SCIRICA, Circuit Judge.

This is an appeal of a criminal sentence implicating § 4A1.2(f) of the U.S. Sentencing Guidelines. Appellant twice pleaded *nolo contendere* with the awareness that adjudication would be withheld and his compliance with certain conditions would result in subsequent dismissal of the charges. In each case, the charges were dismissed. This appeal raises the narrow issue whether the District Court correctly treated those prior dispositions as sentences under U.S.S.G. § 4A1.2(f) when cal-

[*] The Honorable William W Schwarzer, United States District Judge for the Northern District of California, sitting by designation.

culating appellant's criminal history score under U.S.S.G. § 4A1.1(c).

## I

On March 31, 1993, appellant Scott Amster was arrested in Broward County, Florida with a homemade crack cocaine pipe containing residues of cocaine. In the Broward County Court, he entered a plea of *nolo contendere* to possession of cocaine and drug paraphernalia, but the court withheld adjudication and sentenced him to one year probation. On June 14, 1994, Amster was arrested again for possession of crack cocaine. He pleaded *nolo contendere*, adjudication was withheld, and he was sentenced to two years probation. Amster apparently completed a drug treatment program, and, on May 6, 1996, the Broward County Court vacated Amster's 1993 and 1994 pleas and sentences and dismissed both cases under Fla. Stat. Ch. 397.705(1) (1993) (amended 1997), which at that time provided,

> If any offender ... is charged with or convicted of a crime, the court ... may require the offender to receive [drug counseling] services.... [T]he referral may be instead of or in addition to final adjudication, imposition of penalty or sentence, or other action.

*See also State v. Dugan,* 685 So.2d 1210, 1213 (Fla.1996) ("[Section 397.705(1)] gives the trial court the discretion to dismiss the charges against an offender who successfully completes a drug treatment program.").

On August 13, 1998, Amster pleaded guilty in United States District Court for the Middle District of Pennsylvania to one count of conspiracy to commit mail fraud and wire fraud in violation of 18 U.S.C.A. § 371 (West 1966 & Supp.1999). Under U.S. Sentencing Guidelines Manual § 4A1.1(c) (1998), Amster's criminal history category was increased by one point each for his 1993 and 1994 Broward County dispositions. Amster now appeals, contending his prior *nolo contendere* pleas and sentences which were dismissed

should not have increased his federal criminal history category.

## II

■ The District Court had jurisdiction under 18 U.S.C.A. § 3231 (West 1985). We have jurisdiction under 18 U.S.C.A. § 3742(a) (West 1985 & Supp.1999) and 28 U.S.C.A. § 1291 (West 1993). The District Court's interpretation of the guidelines is reviewed de novo. *See United States v. Vitale,* 159 F.3d 810, 813 (3d Cir.1998).

## III

■ The Sentencing Guidelines specify that for purposes of § 4A1.1(c), "[d]iversion from the judicial process without a finding of guilt (*e.g.,* deferred prosecution) is not counted. A diversionary disposition resulting from a finding or admission of guilt, or a plea of *nolo contendere,* in a judicial proceeding is counted ... even if a conviction is not formally entered." U.S.S.G. § 4A1.2(f). In support of its position that this section requires that Amster's previous *nolo contendere* pleas be counted in his criminal history, the government has cited several cases in which federal defendants' criminal history categories were increased based on prior incidents in which adjudication was withheld by the court. *See United States v. Rockman,* 993 F.2d 811 (11th Cir.1993) (*nolo contendere* plea considered sentence for purpose of § 4A1.1(c)); *United States v. Bagheri,* 999 F.2d 80, 82 (4th Cir.1993) (same result where defendant "agreed to probation without entry of judgment"); *United States v. Frank,* 932 F.2d 700 (8th Cir.1991) (same result where defendant pleaded guilty but adjudication was withheld); *United States v. Giraldo–Lara,* 919 F.2d 19 (5th Cir.1990) (same).

Amster seeks to distinguish the government's cases by pointing out that the Broward County Court did more than withhold adjudication; it vacated his pleas and dismissed his cases. According to Amster, the nolo pleas should not be counted

against him because the vacaturs placed him in the position he had been before the pleas were entered. Furthermore, Amster argues he entered his pleas with full knowledge they would eventually be vacated by the court if he successfully completed his treatment.

Section 4A1.2(f) is unequivocal. "A diversionary disposition resulting from . . . a plea of *nolo contendere* in a judicial proceeding is counted. . . ." Each of Amster's *nolo contendere* pleas resulted in a "diversionary disposition." *See Rockman,* 993 F.2d at 814. In light of the clear and unambiguous language of the guideline and the lack of applicable ameliorating language in the application notes, *see* U.S.S.G. § 4A1.2, comment. (nn.6, 9, 10),[1] Amster cannot avoid the effect of his prior pleas on his present sentence.

Accordingly, we will affirm the judgment of sentence.

---

1. Application Notes 6, 9 and 10 provide:

   6. *Reversed, Vacated, or Invalidated Convictions.* Sentences resulting from convictions that (A) have been reversed or vacated because of errors of law or because of subsequently discovered evidence exonerating the defendant, or (B) have been ruled constitutionally invalid in a prior case are not to be counted. With respect to the current sentencing proceeding, this guideline and commentary do not confer upon the defendant any right to attack collaterally a prior conviction or sentence beyond any such rights otherwise recognized in law (*e.g.,* § 21 U.S.C. 851 expressly provides that a defendant may collaterally attack certain prior convictions). . . .

   9. *Diversionary Dispositions.* Section 4A1.2(f) requires counting prior adult diversionary dispositions if they involved a judicial determination of guilt or an admission of guilt in open court. This reflects a policy that defendants who receive the benefit of a rehabilitative sentence and continue to commit crimes should not be treated with further leniency.

   10. *Convictions Set Aside or Defendant Pardoned.* A number of jurisdictions have various procedures pursuant to which previous convictions may be set aside or the defendant may be pardoned for reasons unrelated to innocence or errors of law, *e.g.,* in order to restore civil rights or to remove the stigma associated with a criminal conviction. Sentences resulting from such convictions are to be counted. However, expunged convictions are not counted. § 4A1.2(j).

   U.S.S.G. § 4A1.2, comment. (nn.6, 9, 10).

   Amster does not argue either of the dispositions in question was expunged.