

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-24-2003

# USA v. Joseph

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-1595

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

## Recommended Citation

"USA v. Joseph" (2003). *2003 Decisions.* Paper 256.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/256

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No: 03-1595
_____

UNITED STATES OF AMERICA

v.

ALTON EDWARD JOSEPH,

Appellant

_____

On Appeal from the United States District Court
for the District of Delaware

District Judge: The Honorable Sue L. Robinson
(D.C. Criminal No. 02-cr-00060)

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
September 19, 2003

Before: MCKEE, SMITH, Circuit Judges,
SCHILLER*, District Judge

(Opinion Filed: September 24, 2003)

_____

OPINION OF THE COURT

_____

_____
* The Honorable Berle M. Schiller, United States District Judge for the Eastern District
of Pennsylvania, sitting by designation.

SMITH, <u>Circuit Judge</u>.

I.    INTRODUCTION

Appellant Alton Edward Joseph appeals his sentence for interstate transportation of explosives without a license, arguing that the District Court erred in assessing two criminal history points for his Massachusetts conviction on two counts of larceny, and that the Court should not have increased his offense level by two levels for stolen explosives, pursuant to U.S.S.G. § 2K1.3(b)(2).

II.    FACTS AND PROCEDURAL HISTORY

Joseph served as a supply clerk for the United States Army from 1975 to 1978, where he had access to a military plastic explosive, C-4.  During this time, Joseph took from the Army fifteen one and a half pound blocks of C-4.  He maintained possession of fourteen blocks of C-4 and gave his brother-in-law one block in the 1980s.

On July 15, 1997 Joseph was charged in Massachusetts with two criminal counts of larceny over $250 and larceny by false pretenses, both unrelated to the matter now before us.  Joseph admitted to sufficient facts for a finding of guilt.  The court, however, did not actually adjudicate Joseph guilty at that time.  Instead, the court imposed a probationary period and restitution in the amount of $53,225.41.  Joseph was found to be non-compliant with his probation requirements in September 1997.  A summons for this probation violation was issued in June 1998.

In early March 2001, Joseph transported the remaining fourteen blocks of C-4

from Maine to Delaware. In an attempt to avoid extradition, Joseph constructed a scheme by which he attempted to falsely implicate a third person for possession of the C-4. Joseph contacted the Bureau of Alcohol, Tobacco, and Firearms ("ATF") in an attempt to provide them with information about the C-4, in exchange for assistance with his Massachusetts extradition proceedings. Upon discovering Joseph's scheme, the ATF ceased contact with Joseph and he was extradited to Massachusetts.

On August 9, 2001, Joseph appeared in Massachusetts pursuant to the warrant for violation of probation. The Massachusetts court revoked his probation, found him guilty on both larceny counts, and sentenced him to two and a half years incarceration, one year to be served in custody, followed by 18 months probation. Pursuant to Joseph's motion to revise his sentence, the court reduced the sentence to one year on each count, to be served concurrently.

With respect to his possession and transportation of the C-4, pursuant to a plea agreement, Joseph pleaded guilty to Count III of a three count indictment – interstate transportation of explosive materials without a licence in violation of 18 U.S.C. § 842(a)(3)(A) and § 844(a). As part of the plea agreement, the government agreed to move to dismiss the remaining counts of the indictment, which charged Joseph with being a felon in possession of explosives and possession of stolen explosive materials. The plea agreement also provided that the government would not oppose a three point reduction in Joseph's offense level for acceptance of responsibility. Finally, the government agreed

3

that U.S.S.G. § 2K1.3(b)(3), which relates to possession of explosive materials in connection with another felony offense, was inapplicable, and that the government would not seek an upward departure on that basis.

The presentence report assigned Joseph a base offense level of sixteen, because he was a "prohibited person" under U.S.S.G. § 2K1.3, specifically a convicted felon, at the time he possessed explosive material. The presentence report also recommended that, pursuant to U.S.S.G. § 2K1.3 (b)(2), Joseph's offense level should be increased by two levels because the offense involved explosive material that he knew or had reason to believe was stolen. Subtracting three levels for acceptance of responsibility, the report assigned Joseph a total offense level of fifteen. With respect to Joseph's criminal history category, the presentence report assessed two points for a Massachusetts state court conviction for two counts of larceny, three points for a New Hampshire state court conviction for tampering with public or private records, and two additional points because the instant offense was committed less than two years following Joseph's release from custody for the New Hampshire conviction. Accordingly, Joseph accrued seven criminal history points, which placed him in criminal history category IV. Based on an offense level of fifteen and a criminal history category of IV, the applicable guidelines range was thirty to thirty-seven months imprisonment. The District Court sentenced Joseph to thirty months imprisonment.

II.     JURISDICTION

4

The District Court had subject matter jurisdiction pursuant to 18 U.S.C. § 3231. We exercise jurisdiction pursuant to 28 U.S.C. § 1291.

## III. STANDARD OF REVIEW

We review the District Court's interpretation of the Sentencing Guidelines de novo. *United States v. Amster*, 193 F.3d 779 (3d Cir. 1999). We reverse the District Court's underlying findings of fact only where they are clearly erroneous. *United States v. Cherry*, 10 F.3d 1003, 1009 (3d Cir. 1993).

## IV. DISCUSSION

Joseph raises two issues on appeal. First, he asserts that the District Court erred in assessing two criminal history points for his Massachusetts conviction on two counts of larceny. Second, Joseph argues that the Court should not have increased his offense level by two levels for stolen explosives, pursuant to U.S.S.G. § 2K1.3(b)(2). Because Joseph's arguments lack merit, we will affirm the judgment of the District Court.

With respect to Joseph's prior larceny conviction, defense counsel conceded that Joseph admitted facts sufficient to establish guilt, but contended that, because the state court initially did not make a finding of guilt, this process constituted a "diversionary proceeding without a finding of guilt" that may not be a basis for inclusion in a criminal history calculation under U.S.S.G. § 4K1.1.

The government countered that, although a diversion from the judicial process without a finding of guilt would not be counted under the Sentencing Guidelines, a

diversionary disposition resulting from a finding or admission of guilt would be included in the criminal history calculation. The record reflects that on July 25, 1998, Joseph was in violation of the terms of his probation. On August 9, 2001 the Massachusetts court's docket reflects entry of a guilty finding.

> After hearing argument on this issue at sentencing, the District Court stated that:

> I also agree that although if the defendant had met the requirements given by the Court [for probation] this would have been a diversionary proceeding and he would not have been given criminal history points, the fact that there were findings of guilt because he violated the condition of probation, that again, the points were appropriately awarded.

App. at 38. We agree with the District Court that, pursuant to the plain language of the Sentencing Guidelines, the Court properly included Joseph's state court conviction in the calculation of his criminal history. U.S.S.G. § 4A1.2(k)(1) provides that "[i]n the case of a prior revocation of probation . . . [a]dd the original term of imprisonment to any term of imprisonment imposed upon revocation. The resulting total is used to compute the criminal history points for § 4A1.1(a), (b), or (c), as applicable." Thus, Joseph's Massachusetts state larceny convictions, for which he served one year in prison, were properly included in his criminal history calculation.

Joseph's second contention on appeal is that the record contains insufficient evidence to support the District Court's conclusion that the military C-4 was "stolen" for purposes of U.S.S.G. § 2K1.3(b)(2). Section § 2K1.3(b)(2) directs the court to increase the defendant's offense level by two points "if the offense involved any explosive

6

material that the defendant knew or had reason to believe was stolen." Joseph explained his possession of the explosives as follows: in order to maintain a constant level of funding, each Army division had to use all of the supplies it had on hand, or its budget would be reduced in the following year. Joseph maintains that his commanding officer told him to "get rid of" the C-4 in order to protect funding levels, and Joseph interpreted that to mean that he could take the C-4 with him for personal use.

The District Court rejected this argument, finding

[E]ven if I accepted defendant's version of the facts, I agree with the government that with this kind of material [C-4], I don't think there is any evidence, credible evidence, that the defendant was given permission to keep this for his personal use. There is no bona fide personal use for this sort of material. Therefore, I believe the nomenclature, the characteristic "stolen" is an appropriate one and the upward adjustment [by the probation office] was appropriately given.

App. at 37. The District Court, then, rejected the veracity of Joseph's explanation–that Joseph understood that he was entitled to possess C-4 for personal use–based on the very nature of C-4. Because there was no evidence of a bona fide personal use for C-4, the District Court did not accept Joseph's contention that he believed he was permitted to retain C-4 for personal use. There was nothing erroneous in the District Court's conclusion. Accordingly, we affirm the District Court's increase of Joseph's offense level by two levels for stolen explosives.

V. CONCLUSION

For the foregoing reasons, we will affirm the judgment of the District Court.

7

_____

TO THE CLERK:

Please file the foregoing Opinion.


                                 /s/ D. Brooks Smith
                                 Circuit Judge

Date: September 24, 2003