**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Behroz BAGHERI, a/k/a Ben Bagheri,**
**Defendant–Appellant.**

No. 92–5554.

United States Court of Appeals,
Fourth Circuit.

Argued April 2, 1993.

Decided June 28, 1993.

Amended by Order Filed July 14, 1993.

Sheryl Goldstein Holtz, Schulman, Treem, Kaminkow & Gilden, P.A., Baltimore, MD, argued (Joshua R. Treem, on brief), for defendant-appellant.

Ethan L. Bauman, Asst. U.S. Atty., Baltimore, MD, argued (Richard D. Bennett, U.S. Atty., Bonnie S. Greenberg, Asst. U.S. Atty., on brief) for plaintiff-appellee.

Before NIEMEYER and WILLIAMS, Circuit Judges, and SPROUSE, Senior Circuit Judge.

## OPINION

WILLIAMS, Circuit Judge:

Behroz Bagheri challenges the district court's inclusion of two Maryland sentences of "probation without entry of judgment" in the calculation of his criminal history category under the Sentencing Guidelines. Bagheri contends that Maryland law prevents courts, state or federal, from using these sentences to enhance a subsequent criminal sentence. Alternatively, Bagheri contends that the district court should have treated one of his sentences as expunged. Although the sentence has not been formally expunged, Bagheri contends that he has satisfied all the Maryland statutory requirements of expungement, and argues that the failure to treat the sentence as expunged violated his right to equal protection. We disagree and affirm.

I.

Bagheri was convicted of conspiracy to possess with intent to distribute heroin and cocaine in violation of 21 U.S.C. § 846 (1988). In determining Bagheri's criminal history category, the district court calculated four criminal history points: two points for sentences under Maryland law for driving while intoxicated (DWI) and unlawful possession of cocaine, and two points because Bagheri had been arrested on the federal charge while still on probation for the state unlawful possession charge. *See* United States Sentencing Commission, *Guildeines Manual,* § 4A1.1(c), (d) (Nov. 1991). Bagheri was accordingly sentenced based on a criminal history category of III. *See id.,* Ch. 5, Pt. A (Sentencing Table).

In both the Maryland cases, Bagheri agreed to probation without entry of judgment with the understanding that no judgment of conviction would be entered against him and no legal disqualifications or disabilities would be imposed based upon his sentence. With regard to the DWI offense, this understanding derived from § 641 of the Ma-

ryland Code, which sets forth the following procedure for avoiding a judgment of conviction:

> Whenever a person accused of a crime pleads guilty or nolo contendere or is found guilty of an offense, a court exercising criminal jurisdiction, if satisfied that the best interests of the person and the welfare of the people of the State would be served thereby, and with the written consent of the person after determination of guilt or acceptance of a nolo contendere plea, may stay the entering of judgment, defer further proceedings, and place the person on probation subject to reasonable terms and conditions as appropriate.

Md.Ann.Code art. 27, § 641(a)(1)(i)(1) (Michie 1992). The Code further provides that

> [d]ischarge of a person under this section shall be without judgment of conviction and is not a conviction for purposes of any disqualification or disability imposed by law because of conviction of crime.

*Id.* § 641(c). Repealed § 292 of the Maryland Code, the statute under which Bagheri was sentenced for unlawful possession, had similar provisions that are set forth in the margin.[1]

Under § 4A1.2(f) of the Sentencing Guidelines, probation without entry of judgment is considered a "diversionary disposition." "A diversionary disposition resulting from a finding or admission of guilt, or a plea of *nolo contendere,* in a judicial proceeding is counted as a sentence under § 4A1.1(c) even if a conviction is not formally entered." U.S.S.G. § 4A1.2(f). Therefore, under the Guidelines, Bagheri's diversionary sentences are counted for purposes of determining his criminal his-

tory even though the Maryland courts have never entered a formal judgment of conviction. Bagheri contends that the application of § 4A1.2(f) in his case violated his constitutional rights to due process and equal protection of the laws.

## II. *Due Process*

█ Bagheri's principal argument asks us to decide an issue unresolved by our decision in *United States v. Daniels,* 929 F.2d 128 (4th Cir.), *cert. denied,* —— U.S. ——, 112 S.Ct. 201, 116 L.Ed.2d 161 (1991). We held in *Daniels* that because the Sentencing Guidelines became effective prior to the commission of the state offense, the defendant necessarily had notice when committing the state offense that his adjudications under state law could later be used for sentencing under federal law. *Id.* at 130. *Daniels* expressly did not address whether state law could create a liberty interest that could not be divested by the subsequent adoption of the Sentencing Guidelines. *Id.*

Because both of Bagheri's sentences occurred before November 1, 1987, the date the Guidelines became effective, Bagheri contends that Maryland law created just such a liberty interest. He points out that Maryland law specifically required that he be given notice of, and that he consent to, the terms of his sentence, and specifically provided that each disposition would not be deemed "a conviction for purposes of any disqualification or disability imposed by law because of conviction of a crime." Md.Ann.Code art. 27, § 641(c). Maryland law, he urges, created a liberty interest that prevents his dispositions

---

1. Repealed § 292 provided that:

 Whenever any person who has not previously been convicted of any offense under this subheading or under any prior law of this State or the laws of the United States or of any other state relating to controlled dangerous substances defined in this subheading, pleads guilty to or is found guilty of any of the offenses specified in this subheading, the court, if satisfied that the best interests of the person and the welfare of the people of this State would be served thereby may, with the consent of such person stay the entering of the judgment of guilt, defer further proceedings, and place such person on probation subject to such reasonable terms and conditions as may be appropriate.

Md.Ann.Code, art. 27, § 292(b)(1) (Michie Supp.1990) (repealed effective January 1, 1991; *see* 1992 repl. vol.). The Code further stated that:

Discharge and dismissal under this section shall be without a judgment of conviction and shall not be deemed a conviction for purposes of disqualifications or disabilities imposed by the law upon conviction of a crime including the additional penalties imposed for second or subsequent convictions under § 293 of this subheading. Discharge and dismissal under this section may occur only once with respect to any person. *Id.* § 292(b)(4).

from being used to enhance any subsequent criminal sentence, a liberty interest that Bagheri asserts the Due Process Clause requires the federal courts to respect.

■ Maryland courts have not determined the extent to which § 641 or repealed § 292 prevents the use of a prior diversionary disposition to enhance a defendant's sentence. Section 641 uses the terms "disqualification" and "disability"; it does not use the term "penalty," which would have unequivocally indicated that the statute's effect extended to the enhancement of subsequent criminal sentences. In interpreting § 641, the Maryland Court of Appeals has indicated that a "disposition of probation before judgment cannot be considered a predicate offense for imposition of *certain* recidivist penalties imposed by law." *Jones v. Baltimore City Police Dep't,* 326 Md. 480, 606 A.2d 214, 218 (1992) (emphasis added). The court did not indicate what it meant by "certain" recidivist penalties, but its statement implies that a disposition of probation without entry of judgment can be considered a predicate offense for purposes of *some* recidivist penalties and sentencing enhancements. Similarly, repealed § 292(b)(4) specifically provided that "disqualifications or disabilities" included additional penalties for subsequent convictions under repealed § 293, implying that recidivist penalties could be imposed for convictions under other statutes. In any case, while we cannot be certain which recidivist penalties under Maryland law are foreclosed by § 641 and repealed § 292, we are satisfied that the statutes do not foreclose all such penalties under Maryland law, and hence that they were not intended to foreclose sentencing enhancements under federal law or laws of other states.

■ Even were we to assume that § 641 and repealed § 292 prohibit all recidivist penalties under Maryland law, that still would not establish the liberty interest Bagheri asserts. Bagheri contends that Maryland law created a liberty interest in his dispositions not being used to enhance *any* subsequent criminal sentence, whether under Maryland law, the law of another state, or feder-

al law. One cannot reasonably infer from the Maryland Code and from court precedent that Maryland law purports to create such an interest.

In this regard, we find significant the distinction between probation without entry of judgment and expungement. *See* Md.Ann. Code art. 27, § 737 (Michie 1992) (expungement procedures). Section 641 and repealed § 292 merely limit the use of diversionary dispositions. They do not prevent disclosure of the records of such dispositions. Bagheri represents, and the Government does not deny, that the records of his DWI sentence are unavailable for public inspection. But Bagheri has not identified, nor have we located, any Maryland statute that prevents disclosure of records of probation without entry of judgment. In contrast, expungement of a sentence prevents the disclosure of any records of the sentence under threat of fine or imprisonment. *Id.* § 739 (Michie 1992). Maryland's expungement statute thus evidences an intent to prevent consideration of expunged records by parties other than the State of Maryland. While Maryland law, through expungement, arguably creates a liberty interest intended to extend to federal sentences,[2] Maryland law evidences no similar intent with regard to sentences of probation without entry of judgment.

We conclude that Maryland law does not purport to create, and hence does not create, a liberty interest that would prevent consideration of Bagheri's state sentences in determining his sentence under federal law. Accordingly, we need not decide the due process argument left unresolved in *Daniels.*

III. *Equal Protection*

■ Although Bagheri never obtained formal expungement of his DWI sentence, he contends that the sentence has been expunged as a matter of law, and that the district court's failure to exclude it from his criminal history as an expunged sentence denied him equal protection of the law. *See* U.S.S.G. § 4A1.2(j) (expunged sentences not

---

2. We need not address this issue since, under § 4A1.2(j) of the Sentencing Guidelines, ex-

punged sentences are not included in the calculation of a defendant's criminal history.

included in criminal history). We conclude that Bagheri's DWI sentence has not been expunged as a matter of law, that in fact the sentence never was expungeable, and that even had it been expungeable, his equal protection claim must fail because there is a rational basis for distinguishing between sentences that have actually been expunged and sentences that are merely expungeable.

■ In arguing that his sentence has been expunged, Bagheri focuses upon the definition in the Maryland Code of "expungement" as "the effective removal of [court records or police records] from public inspection." Md. Ann.Code art. 27, § 735(c) (Michie 1992). Bagheri asserts that because the records of his DWI'sentence are unavailable for public inspection, his sentence has been expunged. Expungement under Maryland law, however, involves more than the removal of records from public inspection.

■ Maryland law sets forth a formal procedure for expunging "police records, court records, and other records maintained by the State of Maryland and its subdivisions." *Id.* § 737(a). Among the enumerated grounds for expungement is entry of "[a] judgment of probation without finding a verdict or probation ·on stay of entry of judgment." *Id.* § 737(a)(3). Expungement, however, is not automatic: it requires a formal application and court order. *Id.* § 737(a), (f); *cf. United States v. Johnson,* 941 F.2d 1102, 1110–11 (10th Cir.1991) (holding that expungement by operation of law occurs under Oklahoma statute providing that upon completion of probation a defendant's sentence "shall be expunged from the record").

An order expunging records has legal consequences that do not apply where records are merely removed from public inspection. Maryland law makes the disclosure of expunged records unlawful absent a court order. Md.Ann.Code art. 27, § 739(a). Violators are guilty of a misdemeanor and subject to possible imprisonment of one year and a

possible fine of $1,000. *Id.* § 739(d). Maryland law also provides criminal penalties for employers or educational institutions that require disclosure of criminal charges that have been expunged. *Id.* § 740(a) (Michie 1992). Without formal expungement, these penalties do not apply. Bagheri has not obtained formal expungement of his DWI sentence; therefore, under Maryland law, his sentence is not expunged.

■ Furthermore, Bagheri's DWI sentence never was expungeable. Maryland law requires that a copy of any petition requesting expungement "be served on the State's Attorney." *Id.* § 737(e). If the state objects to expungement, then the court may deny the petition on either of two grounds: (1) if the petitioner "has since been convicted of any crime, other than violations of the State vehicle laws or other traffic laws, ordinances, or regulations not carrying a possible sentence of imprisonment," or (2) if the petitioner "is then a defendant in a pending criminal proceeding." *Id.* § 737(f)(1), (2). Subsequent to his DWI sentence, but prior to the time the sentence became expungeable, Bagheri was convicted of a crime "carrying a possible sentence of imprisonment," a conviction which prevents him from expunging his DWI sentence. *Id.* § 737(f)(1).

Bagheri was sentenced for DWI on January 8, 1986.[3] The Maryland Code provides that persons sentenced to probation without entry of judgment cannot petition for expungement until the later of: "(1) 3 years after the date òf the judgment or order of probation; or (2) the date of the person's discharge from probation." *Id.* § 737(d)(1). Bagheri therefore could not have petitioned for expungement of his DWI sentence before January 8, 1989, three years after the order of probation.

Subsequent to the DWI offense, Bagheri has been sentenced twice under Maryland law. He was sentenced to probation without entry of judgment on June 2, 1987, for un-

---

**3.** Bagheri's Presentence Report indicates that he was sentenced to eighteen months probation for DWI, and that probation expired on July 8, 1987.

Although his sentencing date is not given, eighteen months prior to July 8, 1987, is January 8, 1986.

lawful possession of cocaine. No judgment of conviction was ever entered, and thus this sentence did not affect whether the DWI sentence could be expunged.[4] On August 30, 1988, Bagheri was placed on three months' unsupervised probation for disorderly conduct in a public place. Nothing in the record indicates that Bagheri received a sentence of probation without entry of judgment. From the record, we must conclude that Bagheri has been convicted of a crime "carrying a possible sentence of imprisonment," which prevents the expungement of his DWI sentence. *Id.* § 737(f)(1); *see id.* § 123(b) (Michie 1992) (disorderly conduct in a public place carries a possible imprisonment of 60 days). Because the conviction for disorderly conduct occurred before Bagheri would otherwise have been able to petition for expungement of his DWI conviction, it follows that Bagheri's DWI conviction was never expungeable.

█ Finally, even if Bagheri's sentence had at some point been expungeable, his equal protection claim would fail because a rational basis exists for distinguishing between expunged and expungeable sentences. *See United States v. Roberts*, 915 F.2d 889, 891 (4th Cir.1990) (holding that, in a denial of equal protection claim, plaintiff must show that "similarly situated persons are subject to disparate treatment, and that this disparate treatment has no rational basis"), *cert. denied*, 498 U.S. 1122, 111 S.Ct. 1079, 112 L.Ed.2d 1184 (1991). Principles of federalism justify following the distinction drawn under Maryland law between sentences actually expunged and those unexpunged but expungeable. Furthermore, the distinction itself has a rational basis in the need for a hearing to insure that all the requirements of expungement have been satisfied. Accordingly, we reject Bagheri's contention that his DWI sentence was expunged as a matter of law and hold that he has not been denied equal protection of the law.

4. The Presentence Report indicated this second probation expired on October 2, 1991, in an "unsatisfactory status" because Bagheri only partially satisfied a drug treatment condition

## IV.

For the foregoing reasons, we affirm the judgment of the district court.

AFFIRMED.

placed on his probation. (J.A. 14.) Bagheri does not argue that this disposition was ever expungeable.