4 F.3d 998
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Samir SHABAN, Defendant-Appellant.
 No. 93-1595.
 United States Court of Appeals, Seventh Circuit.
 Submitted Sept. 7, 1993.
Decided Sept. 10, 1993.
 
 Before BAUER, Chief Judge, POSNER, Circuit Judge, and ESCHBACH, Senior Circuit Judge.
 
 ORDER
 
 1
 Attorney John R. Clemons filed a motion pursuant to Circuit Rule 51(a) to withdraw as appointed counsel for Samir Shaban. Clemons's motion and supporting brief, filed in accordance with Anders v. California, 386 U.S. 738 (1967), and United States v. Edwards, 777 F.2d 364 (7th Cir.1985), claim that the issues on appeal are without merit. The court notified Shaban of his attorney's motion, and he has not responded. Finding no meritorious issues for appeal, we grant counsel's motion to withdraw and dismiss the appeal as frivolous.
 
 
 2
 Shaban pleaded guilty to two counts of conspiracy to commit access device fraud in violation of 18 U.S.C. Sec. 371 and fraud in connection with access devices in violation of 18 U.S.C. Sec. 1029(a)(2). His crime involved obtaining cellular telephones and using them along with his codefendants to place three-way calls from Illinois to various locations in the Middle East.
 
 
 3
 Before we may grant counsel's motion to withdraw under Anders, we must be satisfied that the attorney has provided his client with a diligent and thorough search of the record for any arguable claim that might support an appeal. In addition, we must determine whether counsel has concluded correctly that the appeal is frivolous. United States v. Williams, 894 F.2d 215, 217 (7th Cir.1990).
 
 
 4
 Counsel identified two possible issues for appeal. First, he considered arguing that the district court erred by failing to grant Shaban a three-point reduction for acceptance of responsibility under Sec. 3E1.1 of the United States Sentencing Guidelines. The Application Notes, which are binding authority on the federal courts, United States v. Stinson, 1993 U.S. LEXIS 3124 (U.S. May 3, 1993), make a defendant eligible for a reduction if he voluntarily terminates or withdraws from criminal conduct or associations. Application Note 1(a) to Sec. 3E1.1. Denial of reduction is appropriate when the defendant continues to engage in criminal activity after pleading guilty. United States v. Franklin, 902 F.2d 501, 506 (7th Cir.), cert. denied, 498 U.S. 906 (1990); United States v. Jordan, 890 F.2d 968, 974 (7th Cir.1989), cert. denied, 112 S.Ct. 1177 (1990). While on bond and before sentencing Shaban was arrested in Kentucky for fraud by wire. Because precedent in the circuit would lead us to affirm the district court's denial of the three-point reduction, Clemons correctly has concluded that this would not be a fruitful issue to pursue on appeal.
 
 
 5
 A second basis of appeal might have been the court's assessment of three Criminal History Points, which moved Shaban from Criminal History Category II to III. Initially, it appeared to counsel that three state convictions should not be counted. But after closer investigation, Clemons learned that Shaban never converted a conviction for driving while intoxicated into one for "public drunk", which is among the prior offenses never counted in determining criminal history. Sec. 4A1.2(c)(2). Similarly, Shaban never expunged from his record convictions for assault and battery and for obtaining merchandise by false pretenses. Since they were not expunged, they too could be counted in the calculation. Sec. 4A1.2(j).
 
 
 6
 Our review reveals no other meritorious issues. Accordingly, the motion to withdraw is GRANTED, and this appeal is DISMISSED as frivolous.