UNITED STATES of America,
Plaintiff,

v.

Arthur Lee HAIRSTON, Jr., Defendant.

No. CR.A. 3:00CR24–02.

United States District Court,
N.D. West Virginia,
Martinsburg Division.

June 21, 2001.

Elgine H. McArdle, McArdle Law Offices, Wheeling, WV, for Arthur Lee Hairston.

Arthur Lee Hairston, Jr., Martinsburg, WV, pro se.

Thomas O. Mucklow, AUSA, Martinsburg, WV, for United States.

### MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S OBJECTION TO THE PRESENTENCE REPORT

BROADWATER, District Judge.

During the May 14, 2001 sentencing hearing, the Court heard arguments concerning the defendant's objection to the Presentence Report. The objection presented the following issue of law: whether the sentencing court can consider a defendant's juvenile record in calculating the defendant's criminal history which, under state law at the time of the commission of the juvenile offense, was an expungable record and which, under state law at the time of the subsequent sentencing hearing, was a sealed record.

## I. BACKGROUND

On September 11, 1996, the defendant, then a juvenile, was placed on two years probation for the possession of cocaine. At that time, the law of the State of West Virginia provided that juvenile records were to be expunged one year after the juvenile's eighteenth birthday.[1]

Subsequently, the West Virginia legislature amended the West Virginia Code. This amendment, effective on March 1, 1997, provided for the sealing rather than the expungement of juvenile records.[2] Therefore, at the time the Probation Officer prepared the Presentence Report, West Virginia law provided for the sealing and not the expungement of juvenile records.

The Probation Officer included the defendant's juvenile conviction in calculating the defendant's criminal history. Pursuant to U.S.S.G. § 4A1.2(d)(2)(B), the Probation Officer provided the defendant one criminal history point.

The defendant objected. Specifically, the defendant argued, both in his written objection and during the May 14, 2001 sentencing hearing, that, at the time the defendant committed the juvenile offense, the West Virginia Code provided for the expungement of juvenile records. Furthermore, the defendant argued that, under U.S.S.G. § 4A1.2(j), the Sentencing Guidelines expressly prohibit the inclusion of expunged criminal records in the calculation of a defendant's criminal history.

Accordingly, the defendant concluded that the Court should not include the juvenile conviction in calculating the defendant's criminal history.

In response, the United States argued that the Probation Officer properly included the defendant's juvenile conviction in calculating the defendant's criminal history.

Therefore, the issue presented in this criminal matter is whether the sentencing court can consider a defendant's juvenile record in calculating the defendant's criminal history which, under state law at the time of the commission of the juvenile offense, was an expungable record and which, under state law at the time of the subsequent sentencing hearing, was a sealed record.

## II. DISCUSSION OF LAW AND ANALYSIS

■ The Sentencing Guidelines prohibit the Court from considering expunged convictions in calculating a defendant's criminal history.[3] However, the Sentencing Guidelines also permit the Court to consider sealed records in calculating a defendant's criminal history. Specifically, in *United States v. Daniels*,[4] the Fourth Circuit held that, pursuant to the Supremacy Clause, state laws sealing juvenile records do not bar federal courts from considering such juvenile records for sentencing purposes.[5]

---

1. W. Va. Code § 49-5-18(a) (amended 1997).

2. *Id.* (Supp.1998). Under the West Virginia Code, a sealed record "has the legal effect of extinguishing the offense as if it never occurred." *Id.* at § 49-5-18(e) (Supp.1998).

3. U.S.S.G. § 4A1.2(j).

4. 929 F.2d 128 (4th Cir.1991).

5. *Id.* at 130 ("Even if the juvenile proceedings had been sealed pursuant to state law, that

law could not bar consideration of them by a federal court in determining a sentence, when federal law provides otherwise. U.S. Const. Art. VI, cl. 2 (supremacy clause). Section 4A1.2(d) of the Sentencing Guidelines expressly permits sentencing courts to consider juvenile adjudications, with some restrictions not applicable here, and thus the Sentencing Guidelines must be given force over any conflicting state law."); *see also* Laruel M. Cohn, *Consideration of Offenses Committed While a*

The Guidelines do not expressly define the meaning of "expungement". Furthermore, from the Court's survey of relevant law, there are two different approaches Courts adopt to determine whether a prior conviction is expunged for purposes of calculating a defendant's criminal history. First, Courts consider whether the prior conviction was actually physically expunged.[6] Second, Courts consider the rationale behind the expungement of a prior conviction. These Courts hold that a sentence is deemed expunged, and excluded from the calculation of a defendant's criminal history, if the conviction is expunged because of the defendant's innocence or for errors of law. Additionally, other Courts appear to use the terms sealed and expunged synonymously.[7]

The Fourth Circuit has not expressly ruled on the meaning of "expungement". In *United States v. Bagheri*,[8] the Fourth Circuit hinted that the sentencing court should refer to the underlying state law to determine whether an offense is expunga-

ble for purposes of the Guidelines.[9] However, in unpublished opinions, the Fourth Circuit adopted a different approach.

In *United States v. Culbreath*, the Fourth Circuit addressed whether a conviction set aside pursuant to the Federal Youth Corrections Act (F.Y.C.A.) was expunged for purposes of U.S.S.G. § 4A1.2(j).[10] Convictions under the F.Y.C.A. are set aside in order "to promote the rehabilitation of youth offenders" [11] and not for reasons of innocence or errors of law.[12] Therefore, the Court concluded that the prior conviction set aside by the F.Y.C.A. was not expunged for purposes of the Guidelines and, therefore, the sentencing court could properly include the prior conviction in calculating the defendant's criminal history.[13]

Additionally, in *United States v. Centeno*,[14] the Court referred to both *United States v. Hines*,[15] from the Tenth Circuit, and *United States v. McDonald*,[16] from the District of Columbia Circuit, in its analysis

*Juvenile in the Computation of Criminal History Under United States Sentencing Guideline (U.S.C.A. § 4A1.2)*, 135 ALR Fed 619 (1996).

6.  *See, e.g., United States v. Shaban*, No. 93–1595, 1993 WL 347165, at *1 (7th Cir. Sept.10, 1993) ("Similarly, Shaban never expunged from his record convictions for assault and battery and for obtaining merchandise by false pretenses. Since they were not expunged, they too could be counted in the calculation. § 4A 1.2(j)."); *United States v. Donine*, 985 F.2d 463, 465 (9th Cir.1993) (reducing the defendant's criminal history "only because on the day of sentencing Donine was able to expunge one of the shoplifting convictions from his record."); *United States v. Johnson*, 941 F.2d 1102, 1111–13 (10th Cir. 1991).

7.  *See, e.g., United States v. Beaulieau*, 959 F.2d 375, 380–81 (2d Cir.1992); *see also* BLACK's LAW DICTIONARY 582 (6th ed.1990) (defining expungement of criminal convictions as being "destroyed or sealed").

8.  999 F.2d 80 (4th Cir.1993).

9.  *Id.* at 84–86.

10.  No. 89–5625, 1990 WL 141486, at *1–2 (4th Cir. Oct. 2, 1990).

11.  *Id.* at *2, n. 4 (quoting *Tuten v. United States*, 460 U.S. 660, 664, 103 S.Ct. 1412, 75 L.Ed.2d 359 (1983)).

12.  *Id.* at *2 (quoting U.S.S.G. § 4A1.2(j), application note 10).

13.  *Id.*

14.  No. 96–6962, 1998 WL 279555 (4th Cir. Jun. 2, 1998).

15.  133 F.3d 1360 (10th Cir.1998).

16.  991 F.2d 866 (D.C.Cir.1993).

of the meaning of expungement.[17]

In *Hines*, the Tenth Circuit considered the Sentencing Guidelines' goal of uniformity in sentencing for federal crimes.[18] Accordingly, the Court concluded that the sentencing court should not consider state law to determine whether a prior conviction has been expunged for purposes of the Sentencing Guidelines.[19] On the contrary, the Court directed sentencing courts to apply a more uniform standard and concluded that "to determine whether a conviction is 'expunged' for purposes of the Sentencing Guidelines, the district court must examine the 'basis' for the expungement."[20] The Court concluded that "[a] conviction is 'expunged' for Guideline purposes only if the basis for the expungement under state law is related to 'constitutional invalidity, innocence, or errors of law.'"[21]

Similarly, in *McDonald*, the District of Columbia Circuit addressed whether a conviction set aside by a District of Columbia statute constitutes "expungement" for purposes of the Sentencing Guidelines.[22] The Court reviewed the application note 10 and concluded that, under the Sentencing Guidelines, "expungement" applies only to offenses "for which the defendant was subsequently found innocent or which involved legal error." The legislature of the District of Columbia enacted the automatic set aside provisions to "allow a youth who has slipped to regain his footing by relieving him of the social and economic disabilities associated with a criminal record."[23] The automatic set aside provisions were unrelated to innocence or legal error. Therefore, the Court concluded that the sentencing court properly considered the defendant's set aside conviction in calculating his criminal history.[24]

■ Accordingly, the Court finds that a conviction is "expunged", for purposes of U.S.S.G. § 4A1.2(j), only if the expungement is related to reasons of innocence or errors of law. Furthermore, the Court finds that it should consult West Virginia law on the meaning of "expungement" only to determine whether West Virginia law provides for "expungement" for purposes of innocence or errors of law.[25]

■ Under West Virginia law, juvenile offenses were expunged not for reasons of innocence or errors of law. On the contrary, in West Virginia, juvenile records were expunged for purposes of rehabilitation.[26] Consequently, the Court need not address the issue presented in this criminal matter: even if the defendant's record were expunged by operation of West Virginia law, the Court could not consider the

---

17. *Centeno*, 1998 WL 279555, at *1.

18. *Hines*, 133 F.3d at 1364.

19. *Id.* at 1364 ("Were we to find state terminology controlling in determining whether a sentence is expunged under the Guidelines, the goal of uniformity would be severely jeopardized.").

20. *Id.* (citing *United States v. Cox*, 83 F.3d 336, 339 (10th Cir.1996)).

21. *Id.*

22. *United States v. McDonald*, 991 F.2d 866, 871–73 (D.C.Cir.1993).

23. *Id.* at 872 (citing *Barnes v. United States*, 529 A.2d 284, 286–89 (D.C.1987)).

24. *Id.* at 873.

25. This approach is consistent with the First Circuit, *United States v. Fosher*, 124 F.3d 52, 57–58 (1st Cir.1997), and Fifth Circuit, *United States v. Ashburn*, 20 F.3d 1336, 1341–43 (5th Cir.1994), as well as application note 10 of U.S.S.G. § 4A1.2(j).

26. W. Va.Code § 49–1–1(a)(9) (Supp.1998).

defendant's juvenile record expunged for purposes of the Sentencing Guidelines.

### III.  ORDER

The Court **DENIES** the defendant's objection and sentences defendant to a total term of seventy-eight months and under the terms and conditions set forth in the Judgment and Commitment Order.

It is so **ORDERED.**

The Clerk is directed to transmit a true copy of this Order to counsel of record herein.