**PUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

**No. 20-4075**

UNITED STATES OF AMERICA,

       Plaintiff - Appellee,

  v.

JONTAVIS DAMETRA MILLER, a/k/a Jontavis Dametre Miller, a/k/a Jontavis Danetre Miller,

       Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Robert J. Conrad, Jr., District Judge. (3:18-cr-00235-RJC-DCK-1)

Argued: January 27, 2021                        Decided: March 31, 2021

Before KING, KEENAN, and RICHARDSON, Circuit Judges.

Affirmed by published opinion. Judge Keenan wrote the opinion, in which Judge King and Judge Richardson joined.

**ARGUED:** Chiege Ojugo Kalu Okwara, Charlotte, North Carolina, for Appellant. Anthony Joseph Enright, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee. **ON BRIEF:** R. Andrew Murray, United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

BARBARA MILANO KEENAN, Circuit Judge:

In this appeal, Jontavis Miller challenges the procedural reasonableness of his sentence, asserting that the district court erred in computing his criminal history score under the United States Sentencing Guidelines (Guidelines). After pleading guilty to one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), Miller was sentenced to serve a term of 63 months' imprisonment and two years of supervised release. He asserts that, in determining his sentence, the district court erred in adding one criminal history point under Guidelines Section 4A1.1(c) based on his North Carolina conviction for possession of marijuana, which was treated under North Carolina law as a prayer for judgment continued (the PJC disposition). Upon our review, we hold that the district court did not err in computing Miller's criminal history score, and we affirm the district court's judgment.

I.

In January 2019, Miller pleaded guilty without a plea agreement to being a felon in possession of a firearm. In the presentence report (PSR), in calculating Miller's criminal history score, the probation officer added one point under Guidelines Section 4A1.1(c), which directs that an additional point be given for prior sentences of fewer than 60 days. The probation officer assigned Miller this additional point based on the possession of marijuana charge in North Carolina state court that was resolved through the PJC disposition. As discussed further below, a PJC is a type of deferred disposition under North Carolina law, under which the court renders an adjudication of guilt but entry of final

2

judgment is not required. In Miller's case, the record shows that the state court never entered a final judgment or any other disposition of the charge.

At sentencing in the district court, Miller challenged the probation officer's calculation of the additional criminal history point based on the PJC disposition. Miller argued that a criminal history point should not have been added because no sentence or probationary term had been imposed in the North Carolina case. The district court overruled Miller's objection on the basis that there had been an adjudication of guilt prior to the PJC disposition. Accordingly, Miller's Guidelines range was set at 51 to 63 months' imprisonment. After hearing further argument from the parties, the court imposed sentence on Miller as noted above.

## II.

On appeal, Miller argues that his North Carolina PJC disposition does not qualify as a conviction under Guidelines Section 4A1.1(c). He contends that North Carolina does not treat a PJC disposition as a final judgment and that, therefore, the same result is required under Guidelines Section 4A1.1(c). We disagree with Miller's argument.

We typically review a sentence imposed by a district court for abuse of discretion. *United States v. Bolden*, 964 F.3d 283, 286 (4th Cir. 2020). However, in considering a court's application of a Guidelines provision, we review the court's legal conclusions de novo. *United States v. Williamson*, 953 F.3d 264, 268 (4th Cir. 2020). We interpret the Guidelines as a matter of federal law, unless the Guidelines provide specific direction requiring us to apply state law. *United States v. Medina*, 718 F.3d 364, 367 (4th Cir. 2013).

Section 4A1.1(c) directs that one additional point be added to a defendant's criminal history score for any "prior sentence" less than 60 days, with a limitation of four total points under that section.[1] USSG § 4A1.1(c). The definition of "prior sentence" for application in Section 4A1.1(c) includes "[a] conviction for which the imposition . . . of sentence was totally suspended or stayed." USSG § 4A1.2(a)(3). Diversionary dispositions made "without a finding of guilt" are excluded from this definition. USSG § 4A1.2(f). Notably, however, "diversionary disposition[s] resulting from a finding or admission of guilt, or a plea of nolo contendere," are "counted as a sentence under § 4A1.1(c) even if a conviction is not formally entered." USSG § 4A1.2(f).

In interpreting this Guidelines text, we first address the inherent features of a PJC disposition under North Carolina law. A PJC is a disposition available to a North Carolina court for certain offenses after a defendant has entered a guilty plea or has been found guilty of the qualifying offense. *State v. Thompson*, 148 S.E.2d 613, 615 (N.C. 1966). A PJC disposition operates as a "deferral of court action on the state's request for entry of judgment." *Smith v. Gilchrist*, 749 F.3d 302, 305 n.2 (4th Cir. 2014) (citation omitted). This deferral can be with or without interim conditions. *Thompson*, 148 S.E.2d at 615. Thus, this type of disposition serves as a diversion from a normal judgment and sentence, but only may be employed after a defendant either has been found guilty or has admitted guilt.

---

[1] The Guidelines provide for a three-point enhancement for sentences exceeding one year and one month, and a two-point enhancement for sentences of at least 60 days, but shorter than one year and one month. USSG § 4A1.1(a)-(b). Guidelines Section 4A1.1(c) serves as a "catch all" for all prior sentences not covered by subsections (a) or (b).

In the present case, Miller does not dispute that his PJC disposition included an adjudication of guilt. Thus, the plain language of Section 4A1.2(f) encompasses Miller's PJC disposition, notwithstanding the fact that his sentencing in that case was deferred indefinitely.

Contrary to Miller's contention, the range of sentencing options under North Carolina law is not dispositive in our analysis, because *federal* rather than *state* law applies to our interpretation of the Guidelines. *Medina*, 718 F.3d at 367. Also, for the same reason, the naming conventions of the state dispositions do not affect the present outcome. *See United States v. Bagheri*, 999 F.2d 80, 82-83 (4th Cir. 1993) (holding that a probation without entry of judgment disposition still qualified as a prior sentence under Guidelines Section 4A1.1(c)); *see also United States v. Jones*, 448 F.3d 958, 961 (7th Cir. 2006) ("[I]t is the fact of th[e] prior wrongdoing, not how the judicial disposition is labeled, which matters in calculating criminal history."); *cf. United States v. Maldonado*, 614 F.3d 14, 15-16 (1st Cir. 2010) (noting that addition of one criminal history point was appropriate for a prosecution "continued without a finding" when defendant admitted to sufficient facts for a finding of guilt, but ultimately rejecting application of criminal history point for separate, non-applicable reason). Nor does state law treatment of a diversionary disposition influence application of the Guidelines. *United States v. Stoterau*, 524 F.3d 988, 1000 (9th Cir. 2008) (stating that even if a diversionary state disposition deems an offense "to have never occurred," the disposition may still apply to a defendant's criminal history score for federal guidelines purposes). Under the Guidelines, the adjudication or admission of guilt preceding entry of the PJC, rather than the ultimate outcome of the PJC disposition, places

such a disposition in the category of cases assigned one criminal history point under Guidelines Section 4A1.1(c).[2]

The language of Section 4A1.2 reflects a clear policy rationale articulated by the United States Sentencing Commission. As the application notes explain, adding a criminal history point when there has been a prior adjudication of guilt "reflects a policy that defendants who receive the benefit of a rehabilitative sentence and continue to commit crimes should not be treated with further leniency."[3] USSG § 4A1.2 cmt. n.9. Here, the record before us shows that Miller had been afforded the benefit of a rehabilitative disposition but did not take advantage of that benefit. Accordingly, in view of the adjudication of guilt that provided the basis for Miller's PJC disposition, we conclude that the district court did not err in applying an additional criminal history point under Section 4A1.1(c) for Miller's PJC disposition.

For these reasons, we affirm the district court's judgment.

---

[2] We also observe that our interpretation of Section 4A1.2(f) is consistent with our prior treatment of that section with respect to a Maryland probationary disposition. In *United States v. Bagheri*, we reviewed the application of an additional criminal history point for a defendant who "agreed to probation without entry of judgment with the understanding that no judgment of conviction would be entered against him and no legal disqualifications or disabilities would be imposed." 999 F.2d at 82. We held that despite the extremely favorable consequences of the Maryland disposition, Section 4A1.2(f) nevertheless applied because there had been an adjudication of the defendant's guilt prior to entry of the probationary disposition. *Id.* at 83.

[3] The Guidelines also require that the adjudication or admission of guilt must have been made in a judicial proceeding in open court. USSG § 4A1.2 cmt. n.9. We previously have clarified that this adjudication or admission does not have to occur as part of a formal process, so long as the proceeding is open to the public. *United States v. Martinez-Melgar*, 591 F.3d 733, 737 (4th Cir. 2010). Miller does not challenge his criminal history score on this basis.

*AFFIRMED*