**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 21-4706**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

LORENZO COSTON,

Defendant - Appellant.

———————

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  Terrence W. Boyle, District Judge.  (7:21-cr-00050-BO-1)

———————

Submitted:  July 14, 2023                                    Decided:  July 18, 2023

———————

Before KING and GREGORY, Circuit Judges, and TRAXLER, Senior Circuit Judge.

———————

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

———————

**ON BRIEF:** William D. Auman, AUMAN LAW OFFICES, Asheville, North Carolina, for Appellant.  Michael F. Easley, Jr., United States Attorney, David A. Bragdon, Joshua L. Rogers, Assistant United States Attorneys, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Lorenzo Coston appeals the 210-month sentence imposed following his guilty plea to numerous drug and firearm offenses. On appeal, Coston raises a challenge to the district court's Sentencing Guidelines calculations and argues that his sentence is otherwise unreasonable. We affirm in part, vacate in part, and remand for resentencing.

As a threshold matter, the parties agree that Coston did not formally plead guilty to Count 10. Because our review of the plea colloquy confirms this omission, we grant the parties' joint request to vacate Coston's conviction on Count 10.

Turning to Coston's sentence, we review a sentence for reasonableness, applying "a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). We first "ensure that the district court committed no significant procedural error," such as improperly calculating the Guidelines range, inadequately considering the 18 U.S.C. § 3553(a) factors, or insufficiently explaining the chosen sentence. *United States v. Fowler*, 948 F.3d 663, 668 (4th Cir. 2020) (internal quotation marks omitted). Only if we find the sentence procedurally reasonable will we consider its substantive reasonableness. *United States v. Provance*, 944 F.3d 213, 218 (4th Cir. 2019).

Coston argues that the district court erred in calculating his Guidelines range by assigning him one criminal history point based on his 2009 North Carolina prayer for judgment, which was entered following his guilty plea to possession of drug paraphernalia. Because Coston did not raise this objection below, we review the issue for plain error. *See United States v. Sitton*, 21 F.4th 873, 875 (4th Cir. 2022); *see also United States v. Green*, 996 F.3d 176, 185 (4th Cir. 2021) (describing standard). We conclude that Coston's

2

argument is squarely foreclosed by *United States v. Miller*, 992 F.3d 322, 325-26 (4th Cir. 2021), which we find materially indistinguishable from this case. We therefore discern no error, plain or otherwise, in Coston's criminal history score.

Coston also argues that the district court imposed an unreasonable sentence by failing to conduct an individualized assessment of the relevant § 3553(a) factors or to adequately explain the sentence it selected.[1] In imposing a criminal sentence, "a district court must conduct an individualized assessment of the facts and arguments presented." *United States v. Nance*, 957 F.3d 204, 212 (4th Cir. 2020) (internal quotation marks omitted). The "sentencing court must state the reasons for its imposition of the particular sentence and adequately explain the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing." *United States v. Powers*, 40 F.4th 129, 137 (4th Cir. 2022) (cleaned up).

"The adequacy of the sentencing court's explanation depends on the complexity of each case." *United States v. Blue*, 877 F.3d 513, 518 (4th Cir. 2017). Generally, an "explanation is sufficient if it, although somewhat briefly, outlines the defendant's particular history and characteristics not merely in passing or after the fact, but as part of its analysis of the statutory factors and in response to defense counsel's arguments" in mitigation. *Id*. at 519 (cleaned up). A district court "need not robotically tick through

---

[1] Although Coston describes his argument as addressing the substantive reasonableness of the sentence, it effectively challenges the sentence as both procedurally and substantively unreasonable. We "consider [Coston's] arguments on their merits, without regard to whether [he] attached the correct descriptive label to those arguments." *United States v. Engle*, 592 F.3d 495, 501 (4th Cir. 2010).

§ 3553(a)'s every subsection" in announcing a sentence, "particularly when imposing a within-Guidelines sentence." *United States v. Powell*, 650 F.3d 388, 395 (4th Cir. 2011) (internal quotation marks omitted). But the "district court's explanation should provide some indication that the court considered the § 3553(a) factors and applied them to the particular defendant, and also that it considered a defendant's nonfrivolous arguments for a lower sentence." *Nance*, 957 F.3d at 212-13 (cleaned up).

In certain circumstances, "[t]he context surrounding a district court's explanation may imbue it with enough content for us to evaluate both whether the court considered the § 3553(a) factors and whether it did so properly." *United States v. Montes-Pineda*, 445 F.3d 375, 381 (4th Cir. 2006); *see Blue*, 877 F.3d at 520-21. But we "may not guess at the district court's rationale, searching the record for statements by the Government or defense counsel or for any other clues that might explain a sentence." *United States v. Perez-Paz*, 3 F.4th 120, 128 (4th Cir. 2021) (internal quotation marks omitted). Nor can we "assume that a sentencing court truly considered the parties' nonfrivolous arguments or the defendant's individual characteristics when the record fails to make it patently obvious." *Provance*, 944 F.3d at 218 (internal quotation marks omitted).

Here, the district court provided scant explanation for the sentence it imposed. The district court's inquiries during the sentencing hearing provide some contextual evidence that it considered part of Coston's argument for a downward variance—particularly, his argument regarding the impact of the 2009 prayer for judgment on his Guidelines range. However, the record does not reveal the extent to which the district court credited that argument when fashioning Coston's sentence. The district court's statements throughout

4

the hearing are otherwise devoid of any analysis of the § 3553(a) factors or consideration of Coston's remaining mitigation arguments.  Moreover, we conclude that the context of the sentencing hearing fails to "make[] it patently obvious that the district court found [these remaining] arguments to be unpersuasive." *Blue*, 877 F.3d at 521 (internal quotation marks omitted); *see United States v. Torres-Reyes*, 952 F.3d 147, 153 (4th Cir. 2020) (finding sentence inadequately explained, although Government addressed defendant's mitigation arguments, because "the court did not adopt or convey the weight it placed on [the Government's] arguments").

At bottom, we "cannot substitute our assessment of the record for the district court's obligation to explain its rationale in the first instance." *United States v. Lewis*, 958 F.3d 240, 244 (4th Cir. 2020) (internal quotation marks omitted).  The district court's failure to provide any meaningful indication of the sentencing factors it considered, or the weight it afforded those factors and Coston's arguments, renders its explanation insufficient.  And because the record fails to provide "fair assurance that the district court's explicit consideration" of the omitted arguments and sentencing factors "would not have affected the sentence imposed," we conclude that the court's error is not harmless.[2]  *United States v. Boulware*, 604 F.3d 832, 838 (4th Cir. 2010) (cleaned up).

Accordingly, although we affirm the judgment in part, insofar as Coston challenges his criminal history score, we vacate Coston's conviction on Count 10, vacate his sentence,

---

[2] Because we conclude that the sentence is procedurally unreasonable, we have no occasion to reach Coston's challenges to its substantive reasonableness.  *See Provance*, 944 F.3d at 218.

5

and remand for resentencing on Counts 1 to 9, 11, and 12.  We dispense with oral argument

because the facts and legal contentions are adequately presented in the materials before this

court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*VACATED IN PART,*
*AND REMANDED*